**AMERICA'S BEST INNS, INC.,**
**Plaintiff–Appellant, Cross–**
**Appellee,**

v.

**BEST INNS OF ABILENE, L.P.,**
**Defendant–Appellee, Cross–**
**Appellant.**

**Nos. 92–1046, 92–1130.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 23, 1992.

Decided Nov. 17, 1992.*

Ronald E. Osman, Sara L. Nierste, Michael W. Maurizio (argued), Osman & Associates, Dongola, Ill., for plaintiff-appellant.

Rebecca Jackson (argued), Bryan Cave, St. Louis, Mo., for defendant-appellee.

Before BAUER, Chief Judge, EASTERBROOK, Circuit Judge, and WOOD, JR., Senior Circuit Judge.

---

**4.** While the doctor signed the report, his signature is illegible.

* This case originally was decided by unpublished order under Circuit Rule 53. The panel later decided to publish the order as an opinion.

PER CURIAM.

 Best Inns of Abilene, L.P., is the defendant in this suit, brought under the diversity jurisdiction. A limited partnership is a citizen of every state of which any partner, general or limited, is a citizen. *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). Yet the complaint identified defendant as "a Kansas limited partnership", without elaboration. The answer to the complaint did not catch the problem; neither did the magistrate judge, who conducted a trial and entered judgment on the merits.

Circuit Rule 28(b)(1), which is designed to focus the attention of the parties on facts of jurisdictional significance, provides: "If any party is an unincorporated association or partnership, the [jurisdictional] statement [in the appellant's brief] shall identify the citizenship of all members." Ignoring this rule, appellant America's Best Inns equated limited partnerships with corporations. Its jurisdictional statement recites: "Best Inns of Abilene, L.P., is a Kansas limited partnership with its principal place of business in the State of Kansas." The partnership, as appellee, was likewise oblivious to the rule and used identical language.

At oral argument the court reminded the parties of the need to establish complete diversity of citizenship. In particular, the court stated that it would be necessary to enlarge the record to show the citizenship of every partner as of the date the complaint was filed. See 28 U.S.C. § 1653. One document in the record lists 22 partners on the date the parties entered into their franchise agreement: one corporation, one trust, and twenty natural persons. The partnership may have acquired or lost partners between July 31, 1984, the date of that agreement, and 1990, when the litigation commenced. But the court reminded counsel that whether or not the list was current, counsel needed to specify the citizenships of the natural persons, of all trustees, and the two citizenships of each corporate partner.

Both parties have filed their post-argument jurisdictional memoranda. The lawyer representing defendant partnership filed an affidavit whose full operative language is:

> Based upon my personal knowledge, each of the limited partners of Best Inns of Abilene, L.P., was a resident of Kansas at the time the Complaint in the underlying action, Cause No. 90–C–4087, was filed.

Robert Brewer, the president of the corporate plaintiff, also filed an affidavit stating in material part:

> [T]o the best of my knowledge and belief complete diversity exists in the above referenced appeals and in the underlying action, and that none of the limited partners of Best Inns of Abilene, L.P. were citizens of the State of Illinois nor of the State of Delaware at the time the complaint was filed[.]

Neither of these statements establishes the citizenships of all partners, and we therefore remand with instructions to dismiss for lack of subject-matter jurisdiction.

First, neither of the statements says anything about the *general* partner or partners in the limited partnership. In July 1984 the sole general partner was Best Inns of Abilene, Inc. Was this corporation the general partner in 1990? If so, in what state is this firm incorporated? Where is its principal place of business? Were there other (or additional) general partners by 1990? The court instructed the parties to provide this information; neither side did so. Plaintiff is incorporated in Delaware; for all the record shows, Best Inns of Abilene, Inc., may be incorporated there too. (This is not a local Kansas enterprise; the partnership operates a motel in Texas.)

Second, neither of the affidavits identifies the limited partners at the time the complaint was filed. It is impossible to determine diversity of citizenship without knowing who the persons in question are. And litigants instructed to specify the partners and their citizenship may not respond with a vacuous statement such as "no partner is a citizen of Illinois." How can anyone tell? Once the court sounds the alarm, the litigants must be precise.

 Third, neither of the affidavits mentions the trust, which for all we can tell

remains one of the partners. Trusts are not natural persons; no trust is a "resident" of Kansas. The citizenship of a trust is the citizenship of the trustee or trustees, see *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980)—a wrinkle about which the court informed counsel at argument, and which both sides chose to disregard.

Fourth, only the affidavit made on personal knowledge has any value ("to the best of my knowledge and belief" is insufficient), and it is useless because it says nothing about citizenship. In federal law citizenship means domicile, not residence. *Gilbert v. David*, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360 (1915). The jurisdictional statutes, the Rules of Civil Procedure, this court's rules, and the instructions at oral argument all required counsel to identify the "citizenship" of the partners. We have been told by authority we are powerless to question that when the parties allege residence but not citizenship, the only proper step is to dismiss the litigation for want of jurisdiction. E.g., *Steigleder v. McQuesten*, 198 U.S. 141, 25 S.Ct. 616, 49 L.Ed. 986 (1905); *Denny v. Pironi*, 141 U.S. 121, 11 S.Ct. 966, 35 L.Ed. 657 (1891); *Robertson v. Cease*, 97 U.S. 646, 24 L.Ed. 1057 (1878).

These litigants have had chance after chance to establish diversity of citizenship—the complaint, the answer, the jurisdictional statements in their appellate briefs, and finally the memoranda and filings under § 1653 called for at oral argument. Despite receiving express directions about what they had to do, counsel did not do it. At some point the train of opportunities ends. The parties' reluctance to supply the court with essential details supports an inference that jurisdiction is absent; at all events, it is the obligation of the plaintiff to establish jurisdiction, and in this obligation the plaintiff has failed.

The judgment is vacated, and the case is remanded with instructions to dismiss for lack of subject-matter jurisdiction.