**Linda E. DAUSCH, Plaintiff–Appellant,**

v.

**Reverend Greg RYKSE, Knox Presbyterian Church, Chicago Presbytery, also known as Presbytery of Chicago, et al., Defendants–Appellees.**

No. 93–1459.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 10, 1993.

Decided Nov. 16, 1993.

Steven K. Jambois, Mary L. Chirillo (argued), Kralovec, Jambois & Schwartz, Chicago, IL, for Linda E. Dausch.

Barry G. Bollinger, Craig G. Stifler, Kelly Ann Giampa (argued), Bollinger, Ruberry & Garvey, Chicago, IL, for Greg Rykse.

David G. Mountcastle, Mountcastle, Kelly & Dyer, Wheaton, IL, for Knox Presbyterian Church Defendant–Appellee.

Kathleen Mulligan (argued), James W. Teevans, Gardner, Carton & Douglas, Chicago, IL, for Chicago Presbytery.

Before COFFEY, RIPPLE, Circuit Judges, and GIBSON, Senior Circuit Judge.*

PER CURIAM.

Despite protracted litigation of the issue prior to oral argument, our examination of the record in this case makes it clear that the

---

* The Honorable Floyd R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, is sitting by designation.

question of whether this case was properly within the diversity jurisdiction of the district court remains to be resolved definitively.

According to ¶ 7 of the First Amended Complaint of plaintiff Linda E. Dausch, filed on August 6, 1992, this case was based upon diversity of citizenship. The complaint alleges that Linda Dausch "is presently a resident of the Commonwealth of Pennsylvania" (¶ 1); "defendant Greg Rykse is a resident of Naperville, Illinois" (¶ 2); "defendant Knox Presbyterian Church is located in Naperville, Illinois" (¶ 3); "defendant Chicago Presbytery is located in Chicago, Illinois" (¶ 4); and "defendant Presbyterian Church (U.S.A.) is located in Louisville, Kentucky" (¶ 5). Because the Presbyterian Church (U.S.A.) is no longer a party to this action, the last allegation need not concern us. The remaining statements are not proper allegations of citizenship as required by 28 U.S.C. § 1332. For natural persons, state citizenship is determined by one's domicile. *Gilbert v. David,* 235 U.S. 561, 569, 35 S.Ct. 164, 166, 59 L.Ed. 360 (1915); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.,* 980 F.2d 1072, 1074 (7th Cir.1992); *Poulos v. NAAS Foods, Inc.,* 959 F.2d 69, 70 n. 1 (7th Cir. 1992); *Galva Foundry Co. v. Heiden,* 924 F.2d 729, 730 (7th Cir.1991). For Corporations, the provisions of 28 U.S.C. § 1332(c) set forth the appropriate standards.[1]

Defective allegations of jurisdiction may be amended on appeal. 28 U.S.C. § 1653. In order to avoid dismissal for lack of subject matter jurisdiction, the plaintiff must enlarge the record to show the citizenship of each party as of the date that the complaint was filed. *America's Best Inns,* 980 F.2d at 1074 (stating obligation of the plaintiff to establish jurisdiction). This case, like *Hemmings v. Barian,* 822 F.2d 688 (7th Cir.1987), "is a case of a confusing pleading which raises doubt whether there really is diversity." *Id.* at 693. In such circumstances, we require the plaintiff to submit an affidavit with respect to the citizenship of the parties. *Id.* (citing, *e.g., Kanzelberger v.*

*Kanzelberger,* 782 F.2d 774, 777 (7th Cir. 1986) (stating district courts should resolve jurisdictional doubt with supplementary factual proceedings)). *See also Saturday Evening Post Co. v. Rumbleseat Press, Inc.,* 816 F.2d 1191, 1195–96 (7th Cir.1987) (stating that "parties' sloppiness about jurisdiction is inexcusable, but not fatal"). *Cf. Matchett v. Wold,* 818 F.2d 574, 576 (7th Cir.), *cert. denied,* 484 U.S. 897, 108 S.Ct. 230, 98 L.Ed.2d 189 (1987) (remanding case for further exploration of diversity allegation).

Within 15 days of this opinion, the plaintiff shall submit to this court an affidavit stating with precision the basis for the assertion of diversity jurisdiction. In light of the long history of jurisdictional difficulties in this case, failure to comply with this opinion within the time prescribed may result in dismissal of the action.

IT IS SO ORDERED.

---

1. We note that the Knox Presbyterian Church and the Chicago Presbytery state in their briefs that they are citizens of Illinois. It is, however, the duty of the plaintiff to state, in more than these conclusory terms, the basis for compliance with the jurisdictional norms of the diversity statute.