**Malka DRAGON, Plaintiff,**

v.

**Herschell WOLLINE, Jr., etc., et al., Defendants.**

**No. 94 C 3683.**

United States District Court, N.D. Illinois, Eastern Division.

June 16, 1994.

Michael Forman, Skokie, IL, for plaintiff.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Malka Dragon ("Dragon") has just sued Herschell Wolline, Jr. ("Wolline") and Lake Geneva Associates ("Associates"), invoking federal jurisdiction on diversity-of-citizenship grounds. Based on its initial review of the Complaint,[1] this Court sua sponte dismisses this action for lack of subject matter jurisdiction.

Complaint ¶ 1 identifies Dragon as an Israeli citizen and Wolline as a Wisconsin citizen. So far, so good in terms of diversity— but all that is said about Associates is this (*id.*):

> The Defendant LAKE GENEVA ASSOCIATES is a partnership with its principal offices located in Chicago, Illinois.

 That ignores the clearly-established principles applicable to determining the "citizenship," for diversity purposes, of a partnership. For one thing, the location of a partnership's principal place of business is a total irrelevancy—28 U.S.C. § 1332(c)(1)[2] makes that factor one of the components of a *corporation's* dual citizenship, but it is wholly inapplicable to partnerships. More importantly, although Illinois law permits partnerships to be sued in their firm names (735 ILCS 5/2–411(a)), thus giving partial recognition to the "entity" theory of the partnership, for federal jurisdictional purposes the relevant citizenship is that of all *partners* and not of the

---

1. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986):

The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

2. All further references to Title 28's provisions will simply take the form "Section—."

partnership entity (*America's Best Inns, Inc. v. Best Inns of Abilene, L.P.,* 980 F.2d 1072, 1073 (7th Cir.1992) (per curiam); *Carden v. Arkoma Assoc.,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)).

██ Under ordinary circumstances this Court might well grant Dragon's counsel an opportunity to cure the just-identified defect in the Complaint, even though it is jurisdictional in nature (see Section 1653). After all, it would seem unlikely (though it is certainly possible) that one or more of Associates' partners is an alien (something that would deprive this Court of jurisdiction [3]). But in this instance the lawsuit is also flawed by its having been brought in the wrong place, for Section 1391(a) plainly does not lodge venue for this action in the Northern District of Illinois:

1. Section 1391(a)(1) does not apply because Wolline does not reside in Illinois.

2. Section 1391(a)(3) does not apply because it is not true that "there is no district in which the action may otherwise be brought."

3. That leaves as potentially available only Section 1391(a)(2). But that provision does not apply either, because this judicial district is not one in which any "substantial part of the events or omissions giving rise to the claim occurred." [4]

Because any curing of the Complaint's jurisdictional deficiency would merely place Dragon and her lawyer face-to-face with the lack of venue in this district, both the Complaint and this action are dismissed for lack of subject matter jurisdiction. This dismissal is of course without prejudice to Dragon's reassertion of her claim in a court of competent jurisdiction.

---

**3.** That has been true ever since *Hodgson v. Bowerbank,* 9 U.S. (5 Cranch) 303, 3 L.Ed. 108 (1809); and for an application of that principle in a situation similar to what would be involved here if Associates had one or more non-United States-citizen partners, see Judge Learned Hand's opinion in *Ex parte Edelstein,* 30 F.2d 636, 638 (2d Cir.1929). Any possible doubt on this score is eliminated by the omission of such an action from the jurisdiction-conferring provisions of Sections 1332(a)(2) and (a)(3).

**4.** Dragon alleges that she was injured at the Americana Lake Geneva Resort in Wisconsin while she was riding a horse leased from Wolline's riding stables on premises then owned by Associates.