WISCONSIN TITLE, INC., Plaintiff,

v.

TITLE ONE, INC. and Michael
Halpin, Defendants.

No. 98–C–825.

United States District Court,
E.D. Wisconsin.

June 22, 1999.

John C. Zacherl, Zacherl O'Malley &
Endejan S.C., Fond du Lac, WI, Donald
Cayen, Cayen Law Office, Fond du Lac,
WI, for plaintiff.

Robert N. Duimstra, Menn Nelson
Sharratt Teetaert & Beisens, Appleton,
WI, for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff filed this action for unfair competition under the Lanham Act, 15 U.S.C. § 1125, based on the defendants' alleged infringement of its unregistered trade and service marks, "Title 1" and "Title I". The defendants have moved to dismiss the action for lack of subject matter jurisdiction, arguing that the dispute involves only intrastate as opposed to interstate commerce. 15 U.S.C. §§ 1121, 1125 (requiring "use in commerce" as prerequisite to liability) & 1127 (defining "commerce" to include all commerce which Congress has the power to regulate); *See Walt–West Enterprises, Inc. v. Gannett Co., Inc.,* 695 F.2d 1050, 1054 n. 5 (7th Cir.1982); *Fila Sport, S.p.A. v. Diadora America, Inc.,* 141 F.R.D. 74, 79–80 (N.D.Ill.1991).

Although the defendants had the option of proceeding under Rule 12(b)(1), they have moved pursuant to Rule 56, which allows them to prevail only if they can show there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.

The court will grant the motion because the plaintiff has failed properly to raise any issue of fact as to whether the parties are engaged in interstate commerce. It is well-settled that the party opposing summary judgment, in order to raise a genuine issue of fact, must point to evidence such as affidavits, deposition testimony or documents; it is not enough to make unsupported assertions in the opposing brief or point to allegations in the pleadings. Fed. R.Civ.P. 56(e); Local Rule 6.05(b) & (d).

A plaintiff, such as Wisconsin Title, Inc., is obliged to come forward with evidence sufficient to establish the existence of the essential elements on which the plaintiff bears the burden of proof at trial and when challenged by the defendant's motion for summary judgment, the plaintiff is obliged to muster the evidence that will create a factual dispute. *See Celotex Cor-*

*poration v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *See also Rand v. CF Industries, Inc.,* 42 F.3d 1139, 1146 (7th Cir.1994).

But Rand cannot avoid summary judgment merely by asserting that CFI's executives are lying. Rather, Rule 56 requires Rand to produce *specific facts* that cast doubt upon CFI's stated reasons for its action or raise significant issues of credibility. *Corrugated Paper Products v. Longview Fibre Co.,* 868 F.2d 908, 914 (7th Cir.1989). Rand is required to make this showing because he is only entitled to the benefit of all *reasonable* or *justifiable* inferences when confronted with a motion for summary judgment.

(emphasis in original).

The plaintiff has not submitted any evidence from which this court could conclude there is a genuine dispute regarding whether the parties have used the trademark or are themselves engaged in interstate commerce. Fed.R.Civ.P. 56(e); Local Rule 6.05(d). Although the plaintiff claims it is engaged in interstate commerce and refers to an allegation in its complaint to this effect, this is not sufficient. The plaintiff was obliged to submit evidence to support his allegations in order to survive summary judgment. Fed. R.Civ.P. 56(e); *See also America's Best Inns, Inc. v. Best Inns of Abilene,* 980 F.2d 1072, 1074 (7th Cir.1992) (burden of establishing jurisdiction belongs to the plaintiff seeking to invoke the court's jurisdiction).

Therefore, IT IS ORDERED that the defendant's motion for summary judgment be and hereby is granted, with costs.

IT IS ALSO ORDERED that this action be and hereby is dismissed for lack of subject matter jurisdiction.

### JUDGMENT IN A CIVIL CASE

This action came before the court with the Honorable Myron L. Gordon, District Judge, presiding. The issues have been heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that this action be and hereby is dismissed. The defendant shall be entitled to recover its reasonable costs.