In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2893

PAMELA J. TYLKA, H. JOSHUA CHAET,
CHERYL KELLER, et al.,

Plaintiffs-Appellants,

v.

GERBER PRODUCTS COMPANY,
a Michigan Corporation,

Defendant-Appellee.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
Nos. 96 C 1647, 96 C 1648, 96 C 1649,
and 96 C 1964--Charles R. Norgle, Sr., Judge.


Argued February 22, 2000--Decided May 1, 2000


  Before COFFEY, EASTERBROOK and WILLIAMS, Circuit
Judges.

  COFFEY, Circuit Judge.  In February and March of
1996, Pamela Jean Tylka, H. Joshua Chaet, Cheryl
Keller, Jeanette DeLeon, Toni Cainkar, Elaine T.
Hyneck, and Barbara F. Berg filed almost
identical class-action lawsuits against Gerber
Products in the Circuit Court of Cook County,
Illinois. In their complaints, the plaintiffs
alleged that Gerber engaged in a pattern of false
and deceptive advertising concerning the
nutritional value and content of its baby food
products, in violation of the Illinois Consumer
Fraud and Deceptive Business Practices Act, 815
Ill. Comp. Stats. 505/1, the Uniform Deceptive
Trade Practices Act, 815 Ill. Comp. Stats. 510/1,
and Illinois common law fraud. Pursuant to 28
U.S.C. sec. 1446,/1 Gerber removed these cases
to the United States District Court for the
Northern District of Illinois, alleging that
diversity jurisdiction existed.

  Obviously unhappy with their lawsuits being
removed to federal court, the plaintiffs moved to
remand their cases back to the state court
system, arguing that the amount in controversy
requirement of 28 U.S.C. sec. 1332 ($50,000 at
the time the suit was filed)/2 was not met. The

district court judge denied the plaintiffs' motion for a remand to the state courts because, according to the court, the injunctive relief sought by at least one plaintiff would cost Gerber more than $50,000, and therefore diversity jurisdiction existed./3 Subsequently, the judge entered summary judgment in favor of Gerber. Plaintiffs appeal the trial court's determination of subject matter jurisdiction; that is, the judge's conclusion that the requirements for diversity jurisdiction were met. Because Gerber has failed to take the steps necessary to ensure federal jurisdiction, a surprising failure given this court's direction at oral argument, we VACATE the district court's opinion and REMAND this case with instructions to REMAND these lawsuits back to Illinois state court.

Because the basis for the resolution of this appeal lies in Gerber's failure to perfect subject matter jurisdiction as directed by the court, only the facts relevant to that issue will be addressed in this opinion and we will leave it up to the Illinois courts to determine the precise nature of the plaintiffs' claims.

In February and March 1996, seven plaintiffs filed six virtually identical lawsuits against Gerber in the Circuit Court of Cook County, Illinois,/4 in which they claimed that Gerber's advertising describing its baby food products as nutritious and of high quality was false and misleading. All six complaints sought compensatory damages, punitive damages, injunctive relief, and attorney's fees. But, as mentioned earlier, the complaint filed by Tylka and the one jointly filed by Chaet and Keller requested, in addition to the relief sought by the other plaintiffs, that Gerber "run corrective marketing, publicity, and advertising for an appropriate period of time."

Gerber removed the actions to federal court in the Northern District of Illinois. See 28 U.S.C. sec. 1441(a)./5 However, in its notice of removal Gerber referred to the residence of the individual plaintiffs, not their citizenship as required by 28 U.S.C. sec. 1332(a)(1). Despite this obvious shortcoming, none of the parties brought this to the trial judge's attention and the cases were allowed to proceed in federal court.

Instead of focusing on the obvious deficiency of Gerber's notice of removal, the parties (and the district court) directed their attention to the question of whether the jurisdictional minimum for diversity jurisdiction was satisfied. Given that determinations as to the exact nature of the plaintiffs' claims are now better left to

the sound discretion of the Illinois state courts, it is enough to say that the judge was of the opinion that the demand for corrective advertising made by three of the named plaintiffs satisfied the jurisdictional minimum of $50,000 and thus the court had subject matter jurisdiction. The trial judge then granted summary judgment in favor of Gerber.

We review the propriety of the removal of a state action to federal court de novo, see Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997) (citing Seinfeld v. Austen, 39 F.3d 761, 763 (7th Cir. 1994)), keeping in mind that federal courts are always "obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." Mt. Healthy City Board of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (emphasis added) (citations omitted).

We begin with the well-known rule that removal is proper over any action that could have been filed originally in federal court. See 28 U.S.C. sec. 1441; Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 702 (1972). Here, Gerber removed the case on diversity grounds, and as the party seeking to invoke federal diversity jurisdiction, Gerber bears the burden of demonstrating that the complete diversity and amount in controversy requirements were met at the time of removal. See In Re County Collector, 96 F.3d 890, 895 (7th Cir. 1996); NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 237 (7th Cir. 1995). As stated before, the parties have ignored the fact that the notice of removal was ineffective in terms of properly alleging diversity because allegations of residence are insufficient to establish diversity jurisdiction. See Guaranty Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 58 (7th Cir. 1996) (It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."); see also Steigleder v. McQuesten, 198 U.S. 141 (1905); Denny v. Pironi, 141 U.S. 121 (1891); Robertson v. Cease, 97 U.S. 646 (1878).

While it is surprising that a counsel would fail to follow the simple step of alleging citizenship, what is even more surprising is Gerber's counsel's failure to follow the invitation and direction given to it at oral argument.

At oral argument, this court advised the parties that "28 U.S.C. sec. 1653 permits the allegations of jurisdiction to be amended even in the Court of Appeals. . . . But until that happens we certainly don't have [jurisdiction] on the allegations in this record."/6 After Gerber

assured the court that there was diversity of citizenship, counsel was informed that: "You may then be able to amend the complaints under section 1653, and should count your lucky stars because this case should have been remanded instantly."

Surprisingly to say the least, Gerber has yet to file a section 1653 amendment of pleadings addressing the jurisdictional problem despite the fact that this court has given Gerber approximately two months to do so.

On a number of occasions we have dismissed actions where litigants fail to make section 1653 amendments to correct deficient allegations of diversity of citizenship after being instructed to do so. For example, during oral argument in America's Best Inns, Inc. v. Best Inns of Abilene, L.P., 980 F.2d 1072, 1073 (7th Cir. 1992), as in this case, "the court reminded the parties of the need to establish complete diversity of citizenship." But "[d]espite receiving express directions about what they had to do, counsel did not do it. At some point the train of opportunities ends." Id. at 1074. Consequently, we vacated the district court's judgment on the merits and remanded with instructions to dismiss for lack of subject matter jurisdiction. See id.; see also Guaranty, 101 F.3d at 59; see, e.g., Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998); Dausch v. Ryske, 9 F.3d 1244, 1245 (7th Cir. 1993); Chicago Stadium Corp. v. State of Indiana, 220 F.2d 797, 799 (7th Cir. 1955).

As we have stated in the past,

These lawyers knew what they had to do, and they did not do it. Failure in one round of supplemental filings leads us to doubt that a second would be any more successful. Anyway, it is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme. Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear. Counsel have only themselves to blame if they must now litigate this case from scratch in state court.

Guaranty, 101 F.3d at 59.

Gerber, in this case, has neglected to file the necessary documents with the court despite our warning at oral argument that "we certainly don't have [jurisdiction] on the allegations in this record." Consequently, the judgement of the

district court is VACATED, and this case is REMANDED to the district court with instructions to REMAND the plaintiffs' lawsuits back to the Illinois state court system.

/1 28 U.S.C. sec. 1446(a) provides:

A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

/2 28 U.S.C. sec. 1332(a)(1) (1995) (emphasis added) provides:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between--

(1)  citizens of different States . . . .

/3 Two of the complaints (the one filed by Tylka and the one jointly filed by Chaet and Keller) requested that Gerber "run corrective marketing, publicity, and advertising for an appropriate period of time." The trial judge was of the opinion that such an advertising campaign would easily cost Gerber over $50,000. Because this appeal is resolved on other grounds, we need not address this issue.

/4 Chaet and Keller jointly filed one lawsuit.

/5 28 U.S.C. sec. 1441(a) provides:
Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

/6 Under section 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."