**J.C. WHITNEY & CO., Plaintiff,**

v.

**RENAISSANCE SOFTWARE CORPORATION, Robert J. Saltzman, and John Jackson, Defendants.**

**Renaissance Software Corporation, Counter–Plaintiff,**

v.

**J.C. Whitney & Co., Counter–Defendant.**

**No. 99 C 3714.**

United States District Court,
N.D. Illinois,
Eastern Division.

May 31, 2000.

Neil J. Kuenn, Michael T. Reid, Thomas E. Roche, Keeley, Kuenn & Reid, Chicago, IL, for plaintiff.

Stephen C. Voris, Jay Stephen Dobrutsky, Burke, Warren, McKay & Serritella, P.C., Chicago, IL, Mark S. Furman, John

D. Steubing, Tarlow, Breed, Hart, Murphy & Rodgers, P.C., Boston, MA, for defendants Renaissance & Robert Saltzman.

John Jackson, Framingham, MA, defendant pro se.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

When originally filed with this court, the complaint brought by plaintiff J.C. Whitney ("plaintiff") alleged multiple counts against defendant Renaissance Software Corporation ("Renaissance"). By the consent of those two parties, this case was transferred to Magistrate Judge Schenkier on August 9, 1999. On December 16, 1999, plaintiff filed an amended complaint adding defendants Robert Saltzman ("Saltzman") and John Jackson ("Jackson"). In January of 2000, Saltzman and Jackson filed motions to dismiss Counts X and XI of the amended complaint (those counts alleging claims against the individual defendants Saltzman and Jackson) or, in the alternative, to transfer the case to Massachusetts. On April 19, 2000, Magistrate Judge Schenkier issued a Memorandum Opinion denying defendants Saltzman and Jackson's motions to dismiss and motions to transfer. *J.C. Whitney & Co. v. Renaissance Software Corp.*, No. 99 C 3714, 2000 WL 556610 (N.D.Ill. Apr.19, 2000). However, the newly added defendants Saltzman and Jackson had not consented to being before Magistrate Judge Schenkier. As a result, the Magistrate Judge lacked jurisdiction over the case and his Memorandum Opinion was not binding on the parties. *See Williams v. General Elec. Capital Auto Lease, Inc.*, 159 F.3d 266, 268–69 (7th Cir.1998) (ruling that parties added to a case, where the original litigants have consented to transfer to the magistrate judge, must also agree to the transfer or else they are not bound to the magistrate's exercise of authority). The case was then reassigned to this court. Following the reassignment, defendants Saltzman and Jackson filed objections to

Magistrate Judge Schenkier's Opinion dated April 19, 2000. In addressing defendants' objections, the court will treat the April 19th Opinion as a Report and Recommendation.

In the April 19th Opinion, Magistrate Judge Schenkier found that (1) the court has personal jurisdiction over defendant Jackson based on his alleged tortious conduct in Illinois; (2) the court has personal jurisdiction over defendant Saltzman under the conspiracy theory of jurisdiction; (3) the fiduciary shield doctrine does not protect either Saltzman or Jackson; (4) plaintiff sufficiently stated a claim for common law fraud; (5) plaintiff sufficiently stated a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act; (6) venue is proper in the Northern District of Illinois; and (7) the factors considered weigh against transfer of the case under 28 U.S.C. § 1404(a). *J.C. Whitney*, 2000 WL 556610. Upon careful review, the court adopts in part and rejects in part the findings contained in the April 19th Opinion. Specifically, the court rejects the finding that it has personal jurisdiction over defendants Saltzman and Jackson under the conspiracy theory of jurisdiction.

■■■ The court rejects the finding that the court has personal jurisdiction over Saltzman based upon the conspiracy theory of jurisdiction. Under Illinois law, a court may assert jurisdiction over a nonresident defendant if that defendant is part of a conspiracy. However, the conspiracy theory of jurisdiction can only be asserted if (1) the defendant is part of an actionable conspiracy and (2) the co-conspirator performed a substantial act in furtherance of the conspiracy. *Textor v. Bd. of Regents of Northern Illinois Univ.*, 711 F.2d 1387, 1392–93 (7th Cir.1983). Thus, to subject Saltzman to personal jurisdiction plaintiff must show that he was part of an *actionable* conspiracy. However, Illinois law is clear: a civil conspiracy does not exist "between a corporations' own officers or employees." *Van Winkle v. Ow-*

*ens–Corning Fiberglas Corp., et al.*, 291 Ill.App.3d 165, 225 Ill.Dec. 482, 683 N.E.2d 985, 991 (1997); *see also Salaymeh v. InterQual, Inc.*, 155 Ill.App.3d 1040, 108 Ill. Dec. 578, 508 N.E.2d 1155, 1158 (1987); *Jamaica Citizens Bank, Ltd. v. North Am. Special Risk Assoc., Inc.*, No. 96 C 4203, 1996 WL 648712, at *5 (N.D.Ill. Nov.1, 1996).

■■■ In this case, plaintiff alleges that Saltzman, as CEO of Renaissance, conspired with Jackson, as President and selling agent for Renaissance, to defraud plaintiff. However, any "group effort" between Saltzman and Jackson was for the purposes of selling Renaissance software to plaintiff as they were both acting as agents of the company. (*See* Pl.Compl. at 31 ¶ 15–17.) Thus, their actions are related to business and corporate affairs. As officers of the same company, acting within their scope of employment, Saltzman and Jackson could not commit a civil conspiracy. Thus, as alleged, plaintiff's complaint does not state an *actionable* conspiracy. Accordingly, the conspiracy theory of jurisdiction is not a viable option in this case and, therefore, the court cannot assert jurisdiction over defendant Saltzman based upon the conspiracy theory. However, the court agrees with Magistrate Judge Schenkier's finding that Saltzman is subject to the jurisdiction of this court under Illinois' long arm statute and the United States Constitution. *See J.C. Whitney*, 2000 WL 556610, at *7–8. Thus, the court has personal jurisdiction over Saltzman.

■■■ However, while this court may have personal jurisdiction over Saltzman and Jackson, the court lacks subject matter jurisdiction. In this case, jurisdiction is based upon diversity of citizenship. In order for this court to have subject matter jurisdiction based upon diversity of citizenship, all parties involved in the action must be citizens of different states and the amount in controversy must exceed $75,-000. 28 U.S.C. § 1332. It is the plaintiff who bears the burden of establishing di-

**984**

versity of citizenship and, in order to meet this burden, plaintiff must clearly allege the citizenship of each party. *Tylka v. Gerber Prod. Co.*, 211 F.3d 445, 447–48 (7th Cir.2000). The Seventh Circuit is clear that "allegations of residence are insufficient to establish diversity jurisdiction." *Id.; see also Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir.1996) (holding that a lawsuit must be dismissed when residence is alleged but not citizenship).

In its complaint, plaintiff alleges that both defendants Saltzman and Jackson are residents of Massachusetts, (Pl.Am. Compl., Count X ¶¶ 1–2), but plaintiff makes no allegation regarding the citizenship of Saltzman or Jackson. Thus, plaintiff has failed to meet its burden in establishing complete diversity of citizenship. *See Tylka*, 211 F.3d 445, 447–48 (stating that the party seeking to invoke federal diversity jurisdiction bears the burden of establishing the statutory requirements). Accordingly, the court dismisses defendants Jackson and Saltzman from this suit.

In conclusion, the court rejects Magistrate Judge Schenkier's finding of personal jurisdiction over Saltzman based upon the conspiracy theory. The court adopts all of the remaining findings made in Magistrate Judge Schenkier's Opinion dated April 19, 2000. However, because plaintiffs have not properly alleged diversity jurisdiction, defendants Saltzman and Jackson are dismissed for lack of subject matter jurisdiction. *See* FED.R.CIV.P. 12(b)(1). Plaintiff has until June 14, 2000 to file an amended complaint which properly alleges the citizenship of the parties.