In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1554

THE NORTHERN LEAGUE, INC., *et al.*,

*Plaintiffs-Appellees*,

*v.*

JEFFREY EARL GIDNEY, *et al.*,

*Defendants-Appellants*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 07 C 6585—**Samuel Der-Yeghiayan**, *Judge*.

SUBMITTED JANUARY 15, 2009—DECIDED FEBRUARY 18, 2009

Before EASTERBROOK, *Chief Judge*, and CUDAHY and
RIPPLE, *Circuit Judges*.

PER CURIAM.  Defendants removed this suit from state
to federal court, asserting that jurisdiction is proper under
28 U.S.C. §1332. The district judge remanded it after
concluding that the allegations do not establish complete
diversity of citizenship. Defendants have appealed, and
plaintiffs have confessed error (apparently they, too,
now want to be in federal court), but we lack appellate
jurisdiction.

A case remanded to state court is not reviewable, by appeal or otherwise, unless one of a few exceptions applies. 28 U.S.C. §1447(d). See *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976). These litigants contend that their case is exceptional because the district court remanded because of a defect in removal procedure, something that may be done only on motion within 30 days of removal, see 28 U.S.C. §1447(c), while this remand occurred *sua sponte* and some 90 days after removal. But the district court said that it was remanding for lack of subject-matter jurisdiction, a step proper at any time.

The district judge observed that the notice of removal alleged the parties' "residence," while jurisdiction depends on their citizenship, which is to say their domicile. *Gilbert v. David*, 235 U.S. 561 (1915). This is not, as the parties would have it, a "defect in removal procedure." It is a genuine jurisdictional problem. E.g., *Steigleder v. McQuesten*, 198 U.S. 141 (1905); *Denny v. Pironi*, 141 U.S. 121 (1891); *Robertson v. Cease*, 97 U.S. 646 (1878). Perhaps the judge should have allowed the parties to amend their jurisdictional allegations, but the fact remains that the remand was for lack of subject-matter jurisdiction. That a jurisdictional remand may have been erroneous does not make it appealable. *Powerex Corp. v. Reliant Energy Services, Inc.*, 551 U.S. 224 (2007); *Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006); *Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723 (1977).

The appeal is dismissed for want of jurisdiction.