**ANTHONY MARANO COMPANY,
et al., Plaintiffs,**

v.

**Geoff SHERMAN, Defendant.**

**Case No. 09–14105.**

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 6, 2013.

Paul G. Valentino, Jr., Lehman & Valentino, Bloomfield Hills, MI, for Plaintiffs.

Allan S. Rubin, Christina A. Daskas, Kimberly A. Yourchock, Jackson Lewis LLP, Southfield, MI, for Defendant.

## OPINION AND ORDER REMANDING ACTION TO STATE COURT

ROBERT H. CLELAND, District Judge.

A January 14, 2013, order states: Defendant Geoff Sherman removed this action from state court. A month later, this court issued an order directing Sherman to show cause why the action should not be remanded for Sherman's failure to allege, in the notice of removal,

facts establishing diversity of citizenship. The order set an October 29, 2009, deadline for Sherman's response. Sherman missed the deadline; the court, stating that it "lack[ed] subject matter jurisdiction," remanded the action (Dkt. # 6); and, on October 30, 2009, the clerk sent the state court a notice of remand, (Dkt. # 7). In a November 2, 2009, motion for reconsideration, Sherman conceded that he did not, when he removed, know each party's citizenship. He said, however, that he learned later diversity existed, that Plaintiffs agreed diversity existed, and that he could therefore invoke federal subject matter jurisdiction. The court granted the motion and re-opened the case. (Dkt. # 11.)

Upon further consideration, the court believes it lacked the power to reconsider the order of remand. A remand for lack of subject matter jurisdiction immediately restores state jurisdiction and immediately discontinues federal jurisdiction. After remand, the federal court in effect possesses no action in which reconsideration can occur. *See, e.g., Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 531 & n. 1 (6th Cir.1999) ("[A] remand to state court divests a district court of jurisdiction such that it may not take any further action on the case"); *Bender v. Mazda Motor Corp.,* 657 F.3d 1200, 1203–04 (11th Cir.2011) ("[E]ven if the district court erroneously remanded the case to state court, [28 U.S.C.] § 1447(d) prohibits the district court from reconsidering its remand order because the district court no longer had jurisdiction over the case.") Accordingly,

... Sherman is directed to show cause ... why this action should not be remanded to state court.

(Dkt. # 46.) The show-cause order introduces the dilemma. Under 28 U.S.C. § 1447(d), an order remanding for lack of subject matter jurisdiction "is not reviewable on appeal or otherwise." *See Powerex Corp. v. Reliant Energy Servs., Inc.,* 551 U.S. 224, 229, 127 S.Ct. 2411, 168 L.Ed.2d 112 (2007); *Vogel v. U.S. Office Products Co.,* 258 F.3d 509, 518–19 (6th Cir.2001). "Otherwise," by uniform agreement, includes 'on reconsideration.' *Brierly,* 184 F.3d at 531 n. 1.

■ However, a district court may remand *sua sponte* for lack of subject matter jurisdiction only. Sherman contends that, notwithstanding the court's stating, "this case is remanded ... for lack of subject matter jurisdiction," (Dkt. # 6), a "close reading" of the remand order shows that remand occurred because of mere procedural defects. According to Sherman, neither his failure to establish the parties' diversity of citizenship nor his failure to respond to the show-cause order deprived the district court of subject matter jurisdiction. He raises *Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d 192 (4th Cir.2008), *Corporate Management Advisors, Inc. v. Artjen Complexus, Inc.,* 561 F.3d 1294 (11th Cir.2009), and similar decisions.

In *Ellenburg* the notice of removal contained no facts establishing the amount in controversy, and the district court, acting *sua sponte,* remanded. *Ellenburg* concluded that the notice of removal's failure to allege facts was a procedural defect and that the remand was therefore subject to review. Then, holding that the district court never "actually" found that subject matter jurisdiction was "in fact" absent, *Ellenburg* reversed. 519 F.3d at 197. In *Artjen* the district court remanded *sua sponte* because the notice of removal alleged diversity of residence instead of diversity of citizenship. *Artjen* concluded that the defective allegation of diversity was a procedural defect and that the *sua sponte* remand was improper. 561 F.3d at 1296–97.

*Ellenburg, Artjen,* and the like apparently equate the existence of jurisdictional facts with the existence of jurisdiction. This seems mistaken. There is not, and has never been, such a thing as jurisdiction that "actually" exists, "in fact," independently of the pleadings and the record presented by the parties. Since the beginning, a federal court has lacked jurisdiction unless jurisdictional facts both exist and appear in the record.[1]

Treating a failure to allege jurisdictional facts as a procedural defect alters the traditional and sensible distinction between procedural and jurisdictional defects. *In re Allstate Ins. Co.,* 8 F.3d 219 (5th Cir.1993), the decision that blends the two defects most, states, "[A]lthough [the removing party] failed conclusively to *demonstrate* diversity, the record discloses no dispute that it in fact *existed.*" 8 F.3d 219, 221 (emphasis in original). Conflating jurisdictional facts and jurisdiction, *In re Allstate* concludes that a defective "jurisdictional" allegation creates a mere "procedural" defect. But as Judge Higginbotham explained in dissent, a procedural defect "involve[s] the parts of the removal process separate from the invocation of jurisdiction"—for instance, the timing of removal. 8 F.3d at 225. A jurisdictional defect involves a failure to invoke jurisdiction—whether for want of jurisdictional facts or jurisdictional pleading.[2]

The present action reveals the fallacy in assuming that undisclosed (or perhaps even unknown) jurisdictional facts can create a type of latent jurisdiction that the district court must pursue. Although the order directing Sherman to show cause stated "Sherman fails to allege facts by which this court can determine whether complete diversity exists," (Dkt. # 5 at 2), Sherman failed to submit a timely response. If a district court may not remand until it determines whether jurisdictional facts "in fact" exist, a failure to respond to a show-cause order successfully obstructs remand. That cannot be right. In *Tylka v. Gerber Products Co.,* 211 F.3d 445 (7th Cir.2000), for example, the court

---

1. *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 546–47, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) ("[The] court [must] deny its own jurisdiction ... in all cases where such jurisdiction does not affirmatively appear in the record[.]"); *Mansfield, C. & L.M. Ry. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884) ("The [removal] jurisdiction of the [federal] court fails, unless the necessary citizenship affirmatively appears in the pleadings or elsewhere in the record."); *Jackson v. Ashton,* 33 U.S. 148, 8 Pet. 148, 8 L.Ed. 898 (1834) (Marshall, C.J.) ("The bill and proceedings should state the citizenship of the parties, to give the court jurisdiction of the case."); *Capron v. Van Noorden,* 2 Cranch 126, 2 L.Ed. 229 (1804) ("The Courts of the U.S. have not jurisdiction unless the record shews that the parties are citizens of different states, or that one is an alien, & c."); *Turner v. Bank of N.A.,* 4 Dall. 8, 1 L.Ed. 718 (1799) ("[I]t [is] necessary ... to set forth upon the record ... the facts or circumstances which give jurisdiction[.]").

2. *Accord, e.g., Whiddon Farms, Inc. v. Delta & Pine Land Co.,* 103 F.Supp.2d 1310, 1312–13 (S.D.Ala.2000) ("The omission of a necessary jurisdictional allegation in the notice of removal constitutes a jurisdictional defect[.]") (following remand *sua sponte* ); *Thompson v. Gillen,* 491 F.Supp. 24, 28 (E.D.Va.1980) ("[A] federal court [can]not acquire jurisdiction in the absence of an allegation of diverse citizenship.") (remanding *sua sponte* ); *Van Horn v. Western Elec. Co.,* 424 F.Supp. 920, 923–27 (E.D.Mich.1977) ("When the defendant removed this case, the court did not acquire jurisdiction, since jurisdiction was not properly alleged.") (remanding *sua sponte* ); *Yarbrough v. Blake,* 212 F.Supp. 133, 139 (W.D.Ark.1962) ("If the facts are not sufficient in the first instance to divest the state court of jurisdiction, ... this court is without jurisdiction[.]") (remanding *sua sponte* ).

of appeals noted during oral argument that the notice of removal alleged residence rather than citizenship. Counsel assured the court that diversity of citizenship ("in fact") existed, to which the bench responded, "You may then be able to amend ... under [28 U.S.C. § ] 1653, and should count your lucky stars because this case should have been remanded instantly." 211 F.3d at 448. After counsel failed to amend, the court of appeals vacated the judgment and directed the district court to remand, for lack of jurisdiction, to the state court.

█ As *Tylka* shows, the absence of jurisdictional facts is the absence of jurisdiction. Or, at the very least, if the absence of facts somehow begins as a procedural defect, it cannot remain one. An incomplete notice of removal interrupts the state court and disrupts the federal system. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *see also United States v. Lopez*, 514 U.S. 549, 575–77, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) (Kennedy, J., concurring). It was bad, then, for Sherman to remove improvidently, depriving the state court of jurisdiction before he knew the facts needed to invoke federal jurisdiction. It was worse, however, for Sherman to prolong the action's jurisdictional limbo by missing a second chance to allege jurisdiction correctly. In part to protect federalism, each doubt about jurisdiction resolves in favor of remand. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir.2007). If that is so, a district court needs the power to remand, *sua sponte*, for lack of subject matter jurisdiction, in response to a continuing failure to provide jurisdictional facts.

The point bears repeating: under the rule Sherman proposes, a failure to show cause and establish jurisdiction merely continues a procedural defect, and, in consequence, a district court lacks the power to remand *sua sponte* during a removing party's truancy. And further, Sherman has emphasized that he responded shortly after the show-cause deadline—so he seeks not a rule but a standard. If Sherman's view governs, carelessness and uncertainty prevail precisely where the law needs rigor and rigidity. *See Cote v. Wadel*, 796 F.2d 981, 982 (7th Cir.1986) (Posner, J.) ("Jurisdictional rules should be as simple as possible, so that the time of litigants and judges is not wasted deciding where a case should be brought and so that fully litigated cases are not set at naught ... because a subtle jurisdictional bar was overlooked until the appeal.").

In any event, the issue is not whether the district court needed to wait for Sherman's response. The issue is whether the remand was based—correctly or not—on a lack of subject matter jurisdiction. Neither *Ellenburg* nor *Artjen* note that, according to the Supreme Court, "review of the district court's characterization of its remand as resting upon lack of subject-matter jurisdiction ... should be limited to confirming that that characterization was colorable." *Powerex Corp.*, 551 U.S. at 234, 127 S.Ct. 2411. The remand order remanded for lack of subject matter jurisdiction; this holding was, if incorrect, at least "colorable," as Sherman both failed to allege facts showing Plaintiffs' citizenship and failed to meet a deadline to show cause.[3]

---

**3.** *See The Northern League, Inc. v. Gidney*, 558 F.3d 614 (7th Cir.2009) ("The district judge observed that the notice of removal alleged the parties' 'residence,' while jurisdiction depends on their citizenship[.] This is not, as the parties would have it, a 'defect in removal procedure.' It is a genuine jurisdictional problem.... [T]he remand was for lack of subject-matter jurisdiction. That a jurisdictional remand may have been erroneous does not make it appealable.") (citations omitted);

Both Sherman and Plaintiffs argue that the action should remain in federal court in accord with "fairness." First, they observe that the action has been in federal court for more than three years. For almost two of those years, however, the action remained dormant due to a bankruptcy. *Cf. Bregman,* 955 F.2d 660 (affirming a remand thirty months after removal). Further, by attempting in effect to create jurisdiction-by-consent, the parties bear some responsibility for the forthcoming remand. (By creating the problem in the first place, Sherman bears almost full responsibility. *See Hunt v. Acromed Corp.,* 961 F.2d 1079, 1082 (3d Cir.1992).)

Second, Sherman and Plaintiffs report that the state court, finding the action properly removed, dismissed the action "with prejudice" "for lack of subject matter jurisdiction." (Dkt. # 47, Ex. A.) The parties fail to explain under what authority the state court dismissed "with prejudice" an action it thought was removed or, for that matter, under what authority the state court dismissed "with prejudice" for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1446(d) (following removal, "the State court shall proceed no further"); 14C Wright & Miller, *Federal Practice & Procedure* § 3736 & nn. 11–12 (4th ed.); *Walters v. Dept. of Mngmt. & Bud.,* 2003 WL 21350231, *1 (Mich.Ct.App.2003) ("[A] court without subject matter jurisdiction cannot effectively dismiss a claim with prejudice."). The parties apparently brought a potential post-remand problem on themselves by jointly asking the state court to dismiss the action (or, rather, to dismiss whatever remained in state court; perhaps nothing).

■ Regardless, arguing about fairness misses the point. "Section 1447(d) allows"—and, on occasion, requires—"a district court to be procedurally unfair." *Liberty Mut. Ins. Co.,* 48 F.3d at 750. The order remanding this action was not reviewable, on appeal or otherwise. The district court lacked jurisdiction to grant the motion for reconsideration, and it lacked jurisdiction to re-open the case. It has lacked jurisdiction ever since.

Accordingly, IT IS ORDERED that, in accord with 28 U.S.C. § 1447(c), this action is REMANDED, for lack of subject matter jurisdiction, to the Oakland County Circuit Court.

---

*Bregman v. Alderman,* 955 F.2d 660, 664–65 (11th Cir.1992) ("The [district] court concluded that it did not have jurisdiction to adjudicate the case because diversity was not apparent from the face of the pleadings.... The district court's conclusion may well have been mistaken, ... [but] we conclude that the remand order in this case was based upon lack of subject matter jurisdiction[.]"); *see also*

*Liberty Mut. Ins. Co. v. Ward Trucking Corp.,* 48 F.3d 742, 750 (3d Cir.1995) ("[The defendant] contends that the district court exceeded its section 1447(c) authority by ... not permitting it to respond.... [The defendant] essentially equates error with unauthorized action. Were this so, then every erroneous remand decision would be reviewable, and section 1447(d) would have no meaning.").