**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2015[*]
Decided October 21, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-1476

| | |
|---|---|
| KESI A. FALLS SR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:14cv746 JVB |
| ELI LILLY AND COMPANY, *Defendant-Appellee*. | Joseph S. Van Bokkelen, *Judge*. |

**O R D E R**

Kesi A. Falls Sr. appeals from the dismissal of his product-liability suit against Eli Lilly and Company for failure to state a claim. But because this suit is simply a state-law tort dispute between non-diverse parties, we vacate the judgment and remand with instructions to dismiss for lack of subject-matter jurisdiction.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Falls filed this action using the district court's standard template for claims under 42 U.S.C. § 1983, alleging that he developed Type 2 diabetes as a result of taking Zyprexa, an antipsychotic drug made by Eli Lilly, from December 1999 through July 2007. Falls acknowledged in his complaint that he had sued Eli Lilly for identical injuries seven years earlier (that suit was voluntarily dismissed). *See Falls v. Eli Lilly and Co.*, No. 3:07-cv-166 (N.D. Ind. Mar. 7, 2008). Eli Lilly moved for dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that it was not subject to § 1983 because it is a private company not acting under color of state law. Falls then amended his complaint, relabeling it "Product Liability Complaint," removing all references to § 1983, but essentially restating the same allegations.

The district court construed Falls's submissions as asserting a product-liability claim, which was time-barred by Indiana's two-year statute of limitations, IND. CODE § 34-20-3-1(b)(1). Falls's claim, the court explained, necessarily accrued no later than the filing of his original suit in July 2007. The court specified that it was not basing its ruling on § 1983.

Falls appeals the judgment in only general terms and indeed says nothing about the district court's conclusion that his state-law claim was untimely. But the district court's ruling overlooks a threshold matter: that the court, having expressly excluded § 1983 as a basis for its ruling, lacked subject-matter jurisdiction over the state-law claim. Neither party has asserted that jurisdiction is supplied by the diversity statute (both parties are Indiana residents) or by some source apart from 28 U.S.C. § 1331. *See DeBartolo v. Healthsouth Corp.*, 569 F.3d 736, 740 (7th Cir. 2009); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992).

The judgment is VACATED, and the case is REMANDED with instructions to dismiss this action for lack of subject-matter jurisdiction.