**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MADHURI TRIVEDI, | No. 17-15217 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-01122-JD |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted September 26, 2017[**]

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Madhuri Trivedi appeals pro se from the district court's judgment dismissing her action alleging federal and state law claims arising from the denial of her I-140 immigrant visa petitions. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Trivedi's request for oral argument, set forth in the opening and reply briefs, is denied.

review de novo a dismissal under Federal Rule of Civil Procedure 12(c), *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999), and under Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction, *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Dismissal of Trivedi's claims under (1) 8 U.S.C. § 1324b (unfair immigration-related employment practices), (2) the Health Insurance Portability & Accountability Act, (3) the Patient Safety and Quality Improvement Act, 42 U.S.C. § 299b-22, (4) the Civil Rights Act of 1991, 42 U.S.C. § 2000e-3a, (5) 18 U.S.C. §§ 1512, 1513 & 1621, and (6) for intentional infliction of emotional distress, was proper because Trivedi failed to allege facts sufficient to state plausible claims for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)); *Fajardo*, 179 F.3d at 699 ("A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.").

The district court properly dismissed Trivedi's False Claims Act cause of action because none of the defendants is alleged to be a government contractor or

2                                                                    17-15217

to otherwise have presented false claims to the government. *See* 31 U.S.C. § 3729(a)(1)(A) (prohibiting knowingly presenting to the government a "false or fraudulent claim for payment or approval").

The district court did not abuse its discretion by dismissing Trivedi's claim under the Administrative Procedure Act, 5 U.S.C. § 704, for review of defendant United States Citizenship and Immigration Service's ("USCIS") denials of Trivedi's I-140 visa petitions, because the complaint failed to comply with Federal Rule of Civil Procedure 8(a)'s requirement of a short and plain statement of the claim. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (complaint that is "verbose, confusing and almost entirely conclusory" violates Rule 8); *see also McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) ("We review dismissal of a complaint with prejudice for failure to comply with a court's order to amend the complaint to comply with Rule 8 for abuse of discretion.").

We reject as without merit Trivedi's contention that the district court was required to hold a hearing or oral argument before ruling on defendants' motions to dismiss, and Trivedi's contentions regarding alleged judicial bias.

We do not consider arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The court's July 27, 2017 order denying Trivedi's emergency motions for injunctive relief and sanctions (Docket Entry No. 56) stated that no motions for reconsideration, clarification, or modification of these denials would be filed or entertained. Accordingly, we do not consider Trivedi's motions for rehearing en banc and for "initial hearing en banc" of the July 27, 2017 order (Docket Entry Nos. 58, 59, 63).

Trivedi's motion to accept electronically filed briefs (Docket Entry No. 62) is denied as moot.

Trivedi's motion to expedite oral argument and decision in this matter (Docket Entry No. 63) is denied as moot.

All other pending requests are denied.

**AFFIRMED.**