**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CAROLINA CASUALTY INSURANCE
CO., an Iowa corporation,
*Plaintiff-Appellant*,

v.

TEAM EQUIPMENT, INC., a California
corporation; BELL HOP CLEANERS OF
CALIFORNIA, INC., a New Mexico
corporation; GAMET ENTERPRISES,
LLC, a New Mexico limited liability
company; U.S. DRY CLEANING
SERVICES CORP., a Delaware
corporation, DBA U.S. Dry Cleaning
Corporation; STEAM PRESS
HOLDINGS, INC., a Hawaii
corporation, DBA Young Laundry
and Dry Cleaning; CLEANERS CLUB
ACQUISITIONS, INC., a California
corporation, DBA Boston Cleaners;
USDCC CVR MERGER SUB, LLC, a
California limited liability company,
DBA Roadrunner Cleaners; USDC
PORTSMOUTH, INC., a California
corporation; USDC TUCHMAN
INDIANA, INC., a California
corporation; USDC FRESNO, INC., a
California corporation; USDC
FRESNO 2, INC., a California

Nos.  12-56203
          12-56235

D.C. No.
2:12-cv-03133-
JFW-JEM

OPINION

corporation; TIMOTHY DENARI, an individual; RIAZ CHATAUNI, an individual; ROBERT Y. LEE, an individual, AKA Robbie Lee; MARTIN BRILL, an individual; MICHAEL DRACE, an individual; KIM COX, an individual; EARL GREENBERG, an individual; ANTHONY J.A. BRYAN, an individual,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted
November 8, 2013—Pasadena, California

Filed February 4, 2014

Before: Raymond C. Fisher and Richard R. Clifton, Circuit Judges, and James K. Singleton, Senior District Judge.[*]

Opinion by Judge Clifton

---

[*] The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

## SUMMARY[**]

---

### Diversity Jurisdiction

The panel reversed the district court's dismissal based on failure to establish diversity jurisdiction.

The panel held that the original complaint should not have been dismissed without leave to amend because the district court did not find that any attempt to amend the complaint would be futile. The panel also held that when information regarding a defendant that is necessary to establish diversity of citizenship is not reasonably available to a plaintiff, the plaintiff should be permitted to plead jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting specific details regarding the citizenship of those defendants.

---

### COUNSEL

James K. Thurston, Melissa A. Murphy-Petros (argued), Wilson Elser Moskowitz Edelman & Dicker LLP, Chicago, Illinois, for Plaintiff-Appellant.

Jonathan B. Sokol, Los Angeles, California, for Defendant-Appellee Team Equipment, Inc.

---

    [**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

CLIFTON, Circuit Judge:

This appeal concerns the sufficiency of allegations required to plead diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff-Appellant Carolina Casualty Insurance Co. ("Carolina") filed suit asserting federal jurisdiction based on diversity and thus bore the burden of establishing the diversity.  Before the complaint was served, the district court dismissed it without leave to amend because Carolina had failed to allege the citizenship of any of the members of the defendants that were limited liability companies ("LLCs"), had alleged that certain individual defendants were residents rather than citizens of a state, and had made its jurisdictional allegations on information and belief.  Carolina then filed a proposed amended complaint.  The court did not accept this complaint as sufficient because Carolina still pled its jurisdictional allegations on information and belief and still failed to establish the citizenship of some defendants, including the LLCs.

We reverse and remand.  Because the district court did not conclude that any amendment would be futile, it should have dismissed the initial complaint with leave for Carolina to amend it to correct, as far as possible, the defective jurisdictional allegations.  Furthermore, the district court should not have dismissed the complaint for failure to plead allegations of citizenship affirmatively and on knowledge, rather than on information and belief, when the necessary information was not reasonably available to Carolina.

## I.  Background

Despite its name, Carolina is an insurance company incorporated in Iowa and with its principal place of business in Florida.  Carolina issued a corporate liability and directors and officers' liability insurance policy to U.S. Dry Cleaning Corp. ("Dry Cleaning") that was effective between January 2009 and January 2011.  The policy excluded from coverage losses "for which the Insureds are not financially liable or which are without legal recourse to the Insureds."

Dry Cleaning purchased dry cleaning stores from Team Equipment, Inc. and two affiliated entities (collectively, "Team Equipment") in February 2008.  For partial payment of the purchase price, Dry Cleaning issued notes to Team Equipment.  Two years later, Team Equipment filed an action against Dry Cleaning and certain of its officers, directors, and affiliated entities (collectively, the "Underlying Defendants") to enforce the notes.  Team Equipment settled its claims against Dry Cleaning in June 2011 and agreed to "limit the enforcement of any judgment or award . . . , including attorney's fees, solely to the proceeds of [Dry Cleaning's] Insurance Policy."  Team Equipment also released its claims against the Underlying Defendants.

Carolina filed a complaint in the United States District Court for the Central District of California against Team Equipment, Dry Cleaning, and the other Underlying Defendants for a declaratory judgment that Carolina was not liable under Dry Cleaning's insurance policy.  Carolina alleged that, because the defendants had agreed to limit the enforcement of the judgment to the proceeds from Dry Cleaning's insurance policy, the settlement constituted a loss for which there was no recourse to the Insureds and which

was therefore outside the scope of coverage. The asserted basis of jurisdiction was diversity of citizenship under 28 U.S.C. § 1332.

The district court dismissed the complaint, without prior notice to Carolina, seventeen days after it was filed. Carolina had not yet served the complaint, nor had any of the defendants responded to it. The district court ruled that Carolina had "not adequately alleged the facts essential for . . . subject matter jurisdiction." First, the district court observed that two of the entity defendants were LLCs, but Carolina had not alleged the citizenship of the LLCs by alleging the citizenship of their members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). Instead, Carolina had alleged the states under whose laws the LLCs were organized and where they had their principal places of business, as if the LLCs were corporations. *See* 28 U.S.C. § 1332(c)(1). As to the individual defendants, the district court noted that Carolina had alleged their states of residency and not their states of citizenship, as required for diversity jurisdiction. Finally, the court observed that Carolina had made its allegations "on information and belief," not on knowledge, and held that this was insufficient to allege jurisdiction. The court dismissed the complaint under Federal Rule of Civil Procedure 12(h)(3), which provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Carolina filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). As part of the motion, Carolina submitted a proposed amended complaint. Carolina advised the court in its moving papers that it was

unable to determine the citizenship of the LLCs, because their organizational filings did not list their members.  As a result, Carolina alleged simply that the members of the LLCs were "citizens of neither Iowa nor Florida."   As to the eight individual defendants, Carolina alleged that four of them were citizens of California and that four of them were citizens of neither Iowa nor Florida.  Carolina continued to make its allegations on information and belief but made clear that the basis for its allegations were the four complaints or proposed complaints filed in the underlying action.

The district court denied the motion for reconsideration and held that the proposed amended complaint also suffered from jurisdictional defects.  The district court pointed out that Carolina had not alleged the principal place of business of one of the corporate defendants, USDC Tuchman Indiana, Inc., and had simply stated that it was "unknown."[1]  The court faulted Carolina for not being able to specify the citizenship of the members of the LLCs and held that it was insufficient to allege simply that they were not citizens of Iowa or

---

[1] The original complaint also suffered from this problem, although the district court did not explicitly point that out in its first order.  Carolina's motion for reconsideration stated that in the underlying action the corporation had been identified as "a California corporation with its corporate headquarters in California but doing business in the State of Virginia."  Notwithstanding the company's name, that should have given Carolina enough to allege, at least on information and belief, that the company's principal place of business was in California. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).   Yet the proposed amended complaint submitted with the motion for reconsideration alleged only, as the district court noted, that the corporation's principal place of business was "unknown," an allegation that is insufficient.  It would be appropriate to make Carolina allege more than "unknown," but, as discussed below, that is a correctable defect and would not justify ultimate dismissal of the action, unless Carolina failed to correct it.

Florida.  And, the court again rejected Carolina's attempt to plead jurisdictional allegations on information and belief.

Carolina appealed, arguing that the district court should not have dismissed the complaint or denied Carolina leave to amend.

## II. Discussion

We review a district court's decision to dismiss a complaint for lack of subject-matter jurisdiction *de novo*. *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 833 (9th Cir. 2004). The district court's decision to deny leave to amend a complaint is reviewed for abuse of discretion. *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986).

We conclude that the district court should not have dismissed Carolina's original complaint without leave to amend, because it did not find that any attempt to amend the complaint would be futile.  In addition, because the information necessary to establish the diversity of the citizenship of some of the defendants was not reasonably available to plaintiff, we conclude that the court should have permitted Carolina to plead its jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting those defendants' citizenship.  The diversity issues can be better considered by the court after the defendants have been served and had an opportunity to respond.

*A.  Dismissal without leave to amend*

A complaint should not be dismissed without leave to amend unless amendment would be futile.  *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004).  The court should "freely give leave" to amend a complaint when justice so requires.  Fed. R. Civ. P. 15(a)(2).

In dismissing the complaint, the court relied on the plain language of Rule 12(h)(3) and the proposition that "the subject matter of the district court is not a waivable matter." *Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).  But the district court did not conclude that amendment would be futile, nor did it give any reason that might support such a conclusion.  The defects in the original complaint were not of a kind that were uncorrectable, if Carolina had or could obtain the necessary information.  A plaintiff should be permitted to amend a complaint to cure "technical" defects. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  The technical defects in this case include alleging diversity jurisdiction based on residency rather than citizenship, and failing to allege the principal place of business of a corporation.

Even where, as here, the district court entertained a motion for reconsideration after denying the complaint, dismissing the complaint without leave to amend was still improper.  The district court noted that a motion for reconsideration is an "extraordinary remedy, to be used sparingly." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted).  Even though the court went on to consider Carolina's new jurisdictional allegations, the application of the Rule 59(e) standard could have affected the court's decision to reject the proposed

amended complaint. At least in theory, if perhaps not in practice in this case, that Rule 59(e) standard is much tougher than the Rule 15(a)(2) standard for granting leave to amend a complaint. In its initial dismissal, the district court should have permitted Carolina to attempt to cure the defects by amending the complaint.

### B.   Pleading jurisdiction when the jurisdictional facts are in the control of the opposing party

The novel issue presented by this case is how a plaintiff may allege diversity jurisdiction where the facts supporting jurisdiction are not reasonably ascertainable by the plaintiff. Carolina explained in its motion for reconsideration that it had made efforts to determine the citizenship of the two LLCs and four of the eight individual defendants but it was unable to do so from publicly available information. The business filings that Carolina submitted to the district court show that information necessary to determining the citizenship of the LLCs could not be determined from the public filings of those companies. Furthermore, Carolina reported that it was not able to allege the citizenship of some of the individual defendants based on their residency, as there was no information about their residency in the underlying complaints.[2] *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) ("[A] court should consider the entire record to determine whether evidence of residency

---

[2] If Carolina is unable to determine the residence of those individual defendants, it can be anticipated that serving a complaint and summons on them might also pose a problem, but that problem is not before us at this time. We presume that Carolina may obtain the information it needs via discovery from the defendants it can locate.

can properly establish citizenship." (internal quotation marks omitted)).

Carolina made a showing that at least some of the information necessary to establish the diversity of the parties' citizenship was within the defendants' control and argued that it should have been excused from the general requirement that it must plead diversity affirmatively and on knowledge. We have already noted that in "unusual circumstances" a party need not affirmatively allege the citizenship of an opposing party. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). We conclude that in this situation it was sufficient for Carolina to allege simply that the defendants were diverse to it. Relatedly, we hold that Carolina should have been permitted to plead its allegations on the basis of information and belief. *See* 5 Charles Alan Wright et al., *Federal Practice and Procedure: Federal Rules of Civil Procedure* § 1224 (3d ed., updated 2013) (noting that permitting allegations to be pled on information and belief "is a practical necessity"); *id.* § 1206 (observing that it would be "unduly restrictive" to prevent a party from pleading jurisdiction on information and belief).

Other circuit courts have also adopted the sensible principle that, at this early stage in the proceedings, a party should not be required to plead jurisdiction affirmatively based on actual knowledge. In *Medical Assurance Co. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010), the Seventh Circuit held that a plaintiff was permitted to plead on information and belief that the defendants were citizens of different states. The defendants could not object that the plaintiff had not proven their citizenship, because they had not proffered any evidence rebutting the factual premise of the jurisdictional allegations. *Id.* Instead, the court held that

the complaint could stand and the district court should reevaluate its jurisdiction if contrary information emerged later. *Id.* In *Lewis v. Rego Co.*, 757 F.2d 66, 68–69 (3d Cir. 1985), the Third Circuit held that three of the four defendants were permitted to allege in a removal petition "on information and belief" that the fourth defendant, who had not joined the removal petition, was "not a citizen of Pennsylvania," and that this was "sufficient to establish diversity jurisdiction."

The cases cited in the district court's order do not support a contrary conclusion. In *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam), for example, the Seventh Circuit held that an affidavit of citizenship made "to the best of [the plaintiff's] knowledge and belief" was insufficient to establish diversity jurisdiction. But in remanding the case with instructions to dismiss, the court noted that the parties had had "chance after chance to establish diversity of citizenship." *Id*. Thus, the complaint was not dismissed until after the plaintiff had served its complaint, the defendant had answered, and the parties had been specifically reminded of the need to establish diversity of citizenship. *Id.* at 1073–74. The approach of the Seventh Circuit does not support the district court's dismissal of the complaint without leave to amend.

The district court also quoted the Supreme Court's decision in *Smith v. McCullough*, 270 U.S. 456, 459 (1926), that "a plaintiff . . . must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." But the district court did not quote the end of this sentence, in which the Court noted that a district court need not dismiss a defective complaint if "the defect [can] be corrected by amendment." *Id.* Here, it is possible that

Carolina will be able to amend its complaint adequately if the defendants respond.

If and when the defendants respond to the complaint, the district court can revisit the jurisdictional allegations. If the defendants deny that the court has jurisdiction, the district court should evaluate the record created by the parties to determine its jurisdiction. *See Mondragon*, 736 F.3d at 886. Jurisdictional discovery may be appropriate. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003). Even if the defendants concede jurisdiction, the district court may still conclude that some further showing of citizenship may be required to confirm its jurisdiction. *See Am.'s Best Inns*, 980 F.2d at 1074. But it should not be assumed at this stage that a proper basis for jurisdiction cannot be established.[3]

## III.    Conclusion

We conclude that the original complaint should not have been dismissed without leave to amend. We also hold that when information regarding a defendant that is necessary to establish diversity of citizenship is not reasonably available to a plaintiff, the plaintiff should be permitted to plead jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting

---

[3] It is, to be sure, possible that none of the defendants, after service, will respond to the complaint. Given the nature of this action and these defendants, that seems highly unlikely, however. What should happen in that unlikely event is not a question that is before us.

specific details regarding the citizenship of those defendants. The diversity issue is better addressed after the defendants have had an opportunity to respond to the complaint.

**REVERSED AND REMANDED.**