**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

DEC 7 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, a non-profit corporation; et al., | No. 13-55868 |
| Plaintiffs - Appellants, | D.C. No. 2:12-cv-04028-ODW-PJW |
| v. |  |
| UNITED STATES DEPARTMENT OF AGRICULTURE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. |  |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted November 4, 2015
University of California, Los Angeles

Before: SCHROEDER and FRIEDLAND, Circuit Judges and CHHABRIA,[**] District Judge.

This appeal arises from the United States Food Safety and Inspection

Service's ("FSIS") denial of a petition for rulemaking aimed at banning foie gras

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Vince G. Chhabria, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

produced from the livers of force-fed poultry.   After the petition for rulemaking was denied, several nonprofit organizations and individual consumers (collectively, "Plaintiffs"), three of whom had authored the administrative petition, filed suit under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), seeking to set aside the denial as arbitrary, capricious, and an abuse of discretion. The district court dismissed the action sua sponte upon finding FSIS's denial of the petition to be substantively equivalent to a non-enforcement decision committed to the agency's discretion by law and therefore unreviewable under 5 U.S.C. § 701(a)(2).

We review de novo the district court's decision to dismiss Plaintiffs' complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3), *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014), and we reverse and remand for further proceedings.

Individuals aggrieved by final agency action are entitled to judicial review thereof under the APA, absent two "narrow circumstances[:]" (1) where a statute precludes judicial review, 5 U.S.C. § 701(a)(1), and (2) where "agency action is committed to agency discretion by law," 5 U.S.C. § 701(a)(2).   *Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 718-19 (9th Cir. 2011).   The Supreme Court

has interpreted the second of these exceptions to encompass only those unusual circumstances in which a statute is so broadly drawn that there is functionally no law for a reviewing court to apply in assessing the propriety of the agency's decision. *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971), *abrogated in part on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). Agency decisions not to take enforcement actions constitute one category of agency actions that fall within this narrow exception. *Heckler v. Chaney*, 470 U.S. 821, 828-32 (1985). By contrast, agency decisions not to initiate rulemaking retain the ordinary presumption of reviewability. *Massachusetts v. EPA*, 549 U.S. 497, 527-28 (2007).

The district court erred in determining that FSIS's denial was substantively akin to an agency decision not to take an enforcement action. As opposed to enforcement actions, which are typically focused on past breaches of existing laws and regulations, the requested foie gras rules would have only future effect. *See* 5 U.S.C. § 551(4) (defining a "rule" as an "agency statement of general or particular applicability and *future effect*") (emphasis added). As in *Massachusetts v. EPA*, the decision whether to promulgate a new rule turned in significant part on the agency's interpretation of a statutory term—here, the term "adulterated" as used in

3

the Poultry Products Inspection Act ("PPIA"), 21 U.S.C. §§ 451-472. *See Massachusetts*, 549 U.S. at 527. FSIS's denial was therefore premised on questions of statutory construction, which are a quintessential subject of judicial review. *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 n.9 (1984) ("The judiciary is the final authority on issues of statutory construction."). FSIS's denial was not based on its evaluation of resource constraints or institutional priorities, which are the hallmark of *Heckler*-type enforcement decisions. *Cf. Heckler*, 470 U.S. at 831-32.

As a general matter, FSIS's decision does not implicate the concerns underlying § 701(a)(2)'s preclusion of judicial review for wholly discretionary decisions. In determining whether judicial review is precluded because there is no law to apply, this court considers "the language of the statute and whether the general purposes of the statute would be endangered by judicial review." *Pinnacle Armor*, 648 F.3d at 719 (quoting *Cty. of Esmerelda v. Dep't of Energy*, 925 F.2d 1216, 1218 (9th Cir. 1991)). Here, nothing in the PPIA suggests that the purpose of the statute would be frustrated were a court to evaluate FSIS's decision. To the contrary, the statute specially authorizes FSIS to promulgate regulations to "protect the health and welfare of consumers," 21 U.S.C. § 451, which is what the

4

petition purports to accomplish. Further, the statute itself provides the standard against which FSIS can and did evaluate the petitioners' request—a standard that proscribes commerce in "adulterated" poultry products. *See* 21 U.S.C. §§ 452, 453(g)(3), 460(d). Where, as here, there are judicially manageable standards, the discretion granted to the agency to render technical conclusions does not shield its decisions from judicial review; rather, it informs the highly deferential standard of review that ultimately applies to evaluating the agency's decision on the merits. *See Heckler*, 470 U.S. at 830 (explaining that the construction of § 701(a)(2) to preclude review only where "no judicially manageable standards are available" "avoids conflict with the 'abuse of discretion' standard of review in § 706"); *N. Plains Res. Council, Inc. v. Surface Transp. Bd.*, 668 F.3d 1067, 1075 (9th Cir. 2011) ("A court generally must be 'at its most deferential' when reviewing scientific judgments and technical analyses within the agency's expertise.") (quoting *Balt. Gas & Elec. Co. v. Nat. Res. Def. Council, Inc.*, 462 U.S. 87, 103 (1983)).

Because we determine that the district court erred in finding FSIS's denial of the petition to be unreviewable, we reverse its decision dismissing the action under *Heckler*. Rather than defend the district court's dismissal on *Heckler* grounds,

5

Defendants contend that all Plaintiffs lack Article III standing. The district court did not consider standing, so we remand to the district court to evaluate those arguments in the first instance. Given that the parties have already filed summary judgment motions, the standing inquiry on remand will likely require considering the evidentiary support for Plaintiffs' standing allegations. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Defendants additionally argue that the organizational Plaintiffs lack prudential standing because they fall outside the zone of interests of the PPIA. After briefing in this case was completed, the Supreme Court in *Lexmark International, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386-88 (2014), clarified that the zone-of-interests test is not a jurisdictional inquiry. *See id.* at 1387 (clarifying that "'prudential standing is a misnomer' as applied to the zone-of-interests analysis," which asks the statutory question whether "a legislatively conferred cause of action encompasses a particular plaintiff's claim") (quoting *Ass'n of Battery Recyclers v. EPA*, 716 F.3d 667, 675-76 (D.C. Cir. 2013) (Silberman, J., concurring)); *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1156 (9th Cir. 2015). As such, the zone-of-interests question, which goes to the merits of the organizational Plaintiffs' claim, cannot be addressed unless the

court is satisfied that those Plaintiffs have Article III standing. *Steel Co. v.*

*Citizens for a Better Env't*, 523 U.S. 83, 94-102 (1998).

This panel retains jurisdiction over any future appeal in this matter.

**REVERSED and REMANDED.**

*Animal Legal Defense Fund v. U.S. Department of Agriculture*, No. 13-55868

CHHABRIA, District Judge, concurring:

I concur in the majority's disposition. I write separately to say a few words about the organizational plaintiffs' burden to establish Article III standing on remand.

The plaintiffs seem to be under the impression that circuit precedent allows an organization to establish injury, for purposes of Article III standing, whenever the organization has made a *choice* to spend money to counteract challenged conduct germane to its mission – money that the organization would otherwise choose to spend in other ways. Perhaps the plaintiffs are right that the law is so lenient. On the other hand, perhaps circuit precedent could be interpreted to require an organizational plaintiff to show that the organization itself "would have suffered some other injury if it had not diverted resources to counteracting the problem." *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1018 (9th Cir. 2013). In other words, even under current precedent it might not be enough merely to choose to divert resources: current precedent might be understood to require the organization to show that it was "forced" to divert resources to avoid or counteract

1

an injury to its own ability to function. *See Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 943 (9th Cir. 2011) (en banc). Moreover, even if current law regarding organizational standing is as lenient as the plaintiffs seem to think, it may be necessary to revisit the law. *See People for the Ethical Treatment of Animals v. U.S. Dep't of Agric.*, 797 F.3d 1087, 1099-1106 (D.C. Cir. 2015) (Millett, J., dubitante). The organizational plaintiffs may therefore wish to consider, on remand, whether they can present evidence of injury beyond the fact that they have chosen to spend money opposing foie gras rather than spending that money on some other issue.