BLD-046                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2131
_____

MICHAEL O. LIVINGSTONE,
                                        Appellant

v.

U-HAUL INTERNATIONAL, INC.; U-HAUL CO. OF PENNSYLVANIA,INC.;
REPWEST INSURANCE COMPANY; MOHAMMED MOHIUDDIN, BEING SUED
IN HIS OFFICIAL CAPACITY AS GENERAL MANAGER OF U-HAUL FACILITY
LOCATED AT 7750 ROOSEVELT BLVD, PHILADELPHIA, PA 19152; JOSHUA
BUZI, BEING SUED IN HIS OFFICAL CAPACITY AS CLAIM ADJUSTER I AT
REP WEST INSURANCE CO.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-00250)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted on Appellant's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 16, 2021
Before: MCKEE, GREENAWAY, Jr., and PORTER, Circuit Judges

(Opinion filed:  February 11, 2022)

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Michael Livingstone appeals the District Court's order dismissing his complaint and has filed a motion for summary action. While we agree with the District Court that Livingstone failed to plead a federal claim, we conclude that the Court should have given Livingstone an opportunity to amend his allegations of diversity jurisdiction. Therefore, we will grant Livingstone's motion in part and deny it in part, and will affirm the District Court's judgment in part, vacate in part, and remand for further proceedings.

Livingstone's claims concern problems he has had with a storage unit he rented in a U-Haul facility. He claims that the manager of the facility falsely accused him of sleeping in his unit, and after he denied doing so, the manager surreptitiously installed a video camera to spy on him. He also says that his unit was infested by mice; the mice destroyed his expensive textbooks and caused him to contract an illness that prevented him from attending graduate classes. Livingstone sued the manager of the facility, U-Haul itself, and the insurance company and its claims adjustor that he said failed to fully compensate him for his losses. He asserted claims of invasion of privacy, breach of contract, personal injury, and stalking.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

The District Court screened Livingstone's complaint under 28 U.S.C. § 1915(e)(2)(B) and dismissed it. The Court concluded that Livingstone had failed to state a federal claim, that he had not sufficiently pleaded diversity jurisdiction, and that it would decline to exercise supplemental jurisdiction over the state-law claims. Livingstone appealed. He has filed a motion asking this Court to take summary action in his favor. See 3d Cir. L.A.R. 27.4(a).

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal under § 1915(e)(2)(B) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court dismissed Livingstone's complaint without providing leave to amend. We have held "that inadequate complaints should be dismissed without granting leave to amend only if amendment would be inequitable or futile," Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002), and the same rules apply when the deficiency concerns the jurisdictional allegations, see Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1086 (9th Cir. 2014); Frey v. EPA, 270 F.3d 1129, 1132 (7th Cir. 2001); see generally GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 36 (3d Cir. 2018); Neiderhiser v. Borough of Berwick, 840 F.2d 213, 216 n.6 (3d Cir. 1988).

We agree with the District Court that Livingstone failed to plead a federal cause of action. As the Court explained, Livingstone appeared to assert federal claims under 42 U.S.C. § 1983. However, to state a claim under § 1983, a plaintiff "must establish that []he was deprived of a federal constitutional or statutory right by a state actor." Kach v.

3

Hose, 589 F.3d 626, 646 (3d Cir. 2009) (emphasis added).  Livingstone did not claim that the defendants—businesses and their employees—were acting under color of state law.  See id.  Further, given this obstacle, we are satisfied that amendment would be futile.[1]

We also agree with the District Court that Livingstone failed to plead diversity jurisdiction.  For diversity jurisdiction to exist, "no plaintiff may be a citizen of the same state as any defendant."  GBForefront, L.P., 888 F.3d at 34 (alterations omitted) (quoting Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010)).  Livingstone, as the plaintiff in this case, was required to plead the grounds for jurisdiction.  See Fed. R. Civ. P. 8(a)(1); Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 106 (3d Cir. 2015).  As the District Court explained, he failed to do so; he provided addresses for himself in two different states without identifying his state of citizenship, and did not clearly identify the citizenship of the defendants.

However, we cannot say that it would have been futile for Livingstone to amend his allegations concerning diversity.  If, as he now says, see Mot. at 16, he is a citizen of New Jersey, he might be diverse from all of the defendants.[2]  Therefore, the Court should

---

[1] In his filing in this Court, Livingstone identifies several other federal statutes under which he says he can bring his claims.  However, he has failed to explain how these statutes—the Video Protection and Privacy Act, the Electronic Communications Privacy Act, and the Stored Communications Act—apply to his claims, and the relevancy of those statutes is not apparent to us.

[2] We do not at this time conclusively determine that the parties are diverse (or that the $75,000 amount-in-controversy requirement is satisfied); rather, we conclude only that Livingstone should have been permitted to amend his complaint.

4

have given Livingstone the opportunity to amend his complaint. See Neiderhiser, 840 F.2d at 216 n.6.

Accordingly, we deny Livingstone's motion for summary action to the extent it challenges the District Court's dismissal of his federal claims and grant the motion to the extent it challenges the District Court's dismissal of his state claims, and we will affirm in part, vacate in part, and remand for further proceedings.