NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENARDO D. ROBERTSON; DONNA ROBERTSON, individually and their marital community,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>CATHOLIC COMMUNITY SERVICES OF WESTERN WASHINGTON, a Washington public benefit corporation; et al.,<br><br>Defendants-Appellees. | No. 22-35965<br><br>D.C. No. 2:22-cv-00827-JHC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
John H. Chun, District Judge, Presiding

Submitted May 16, 2023**

Before:    BENNETT, MILLER, and VANDYKE, Circuit Judges.

Renardo D. Robertson and Donna Robertson appeal pro se from the district

court's judgment dismissing for lack of subject matter jurisdiction their action

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alleging various claims arising out of a prior federal court action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1). *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014). We may affirm on any basis supported by the record.[1] *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of the Robertsons' claim against defendant Catholic Community Services of Western Washington to set aside a judgment for fraud on the court was proper because the Robertsons failed to allege facts sufficient to state a plausible claim. *See United States v. Beggerly*, 524 U.S. 38, 47 (1998) (concluding that "an independent action should be available only to prevent a grave miscarriage of justice"); *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167-68 (9th Cir. 2017) ("In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of the judicial process." (citation and internal quotation marks omitted)); *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) (setting forth standard of review for an independent action to set aside a prior judgment).

---

[1] Although the district court dismissed the action under Rule 12(b)(1) for lack of subject-matter jurisdiction, we affirm dismissal under Rule 12(b)(6) for failure to state a claim. *See Al-Qarqani v. Chevron Corp.*, 8 F.4th 1018, 1027 (9th Cir. 2021).

The district court did not err in dismissing the Robertsons' claims against defendants Lou-Magnuson, Reilly, and Moody because criminal statutes and the Federal Rules of Civil Procedure do not give rise to private rights of action. *See* 28 U.S.C. § 1331; *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (explaining that criminal statutes generally do not give rise to private rights of action); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying further leave to amend the complaint because the Robertsons' proposed second amended complaint failed to cure the deficiencies of the first amended complaint. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review; leave to amend may be denied when amendment would be futile); *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) ("Where the plaintiff has previously filed an amended complaint . . . the district court's discretion to deny leave to amend is particularly broad." (citation and internal quotation marks omitted)).

All pending motions are denied.

**AFFIRMED.**