NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALON NEIMAN; NIR ABRAHAM LEVY, | No. 22-15843 |
| Plaintiffs-Appellants, | D.C. No. 2:21-cv-01824-CDS-NJK |
| v. | |
| GAVRIEL BARAZANI; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Submitted July 27, 2023**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Appellants Alon Neiman and Nir Abraham Levy appeal pro se from the

district court's judgment dismissing their contract and fraud action for lack of

subject-matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291 and review

de novo. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2014). We affirm.

The party asserting federal jurisdiction bears the burden of establishing it. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Diversity jurisdiction requires complete diversity. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

Appellants' jurisdictional theory requires diversity jurisdiction. According to the complaint, Neiman and Levy are both Nevada citizens. Appellants initially alleged in the complaint that Barazani is also a resident of Nevada. But later, in opposition to the motion to dismiss, they alleged that Barazani is a Colorado citizen. To support the claim of Colorado citizenship, Appellants provided an undated photo of Barazani allegedly holding a Colorado conditional medical marijuana license for Aspen Forest, LLC. Appellants argued that recipients of such licenses must be Colorado citizens. Appellants also alleged that Barazani was served twice in Colorado and that Barazani was living in Denver to physically manage a dispensary.

Barazani, in contrast, provided a signed declaration under penalties of perjury that he had been a permanent resident of Nevada since before the complaint was filed and had no intention to move elsewhere. He also provided a photo of his Nevada driver's license and a photo of a utility bill with a Nevada address for service around the time the complaint was filed. Furthermore, Barazani provided a

2

declaration that he had been a member of GII, LLC, now revoked, and was currently a member of Aspen Forest, LLC.

The district court properly dismissed Appellants' action because they failed to satisfy the burden of establishing subject matter jurisdiction. First, Appellants' complaint alleges Barazani is a Nevada resident, which fails to establish diversity of citizenship. Second, we agree with the district court that Appellants' factual allegations do not establish Barazani's Colorado residence. Appellants have not shown that Barazani must have been a Colorado citizen in order to receive a Colorado conditional medical marijuana license. Also, that Barazani was served twice in Colorado does not establish domicile; people may travel outside their state of residence—even for extended periods of time—without affecting their domicile. Furthermore, Appellants do not dispute that Barazani has a Nevada driver's license and a utility bill showing him paying for services in Nevada at the time the complaint was filed. Finally, Barazani's Nevada citizenship extends to GII, LLC and Aspen Forest, LLC, further defeating diversity. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016).

**AFFIRMED.**