NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRAIG EUGENE RAMSELL; MONNIE RAMSELL, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> WELLS FARGO BANK, N.A., as trustee for: trustee of Banc of America Mortgage Pass-Through Certificates, Series 2003-K; BANC OF AMERICA MORTGAGE SECURITIES INCORPORATED PASS-THROUGH CERTIFICATES, SERIES 2003-K TRUST; 50 BRONCO DRIVE, SEDONA, AZ; UNITED STATES OF AMERICA, <br><br> Defendants-Appellees. | No. 22-16405 <br><br> D.C. No. 3:22-cv-08119-DWL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted October 10, 2023[**]

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Craig Eugene Ramsell and Monnie Ramsell appeal pro se from the district court's judgment dismissing their action concerning ownership of real property in Arizona. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's determination that it lacked subject matter jurisdiction. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014). We affirm.

The district court properly dismissed the Ramsells' action for lack of subject matter jurisdiction because the Ramsells failed to allege a federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332(a); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"); *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000) (the party asserting jurisdiction bears the burden of establishing it); *see also Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022) ("Equitable jurisdiction is distinct from subject matter jurisdiction, although both are required for a federal court to hear the merits of an equitable claim.").

**AFFIRMED.**