NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEROME L. GRIMES,

Plaintiff-Appellant,

v.

SR TOWING,

Defendant-Appellee.

No. 23-55251

D.C. No. 3:22-cv-01033-LL-BLM

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Linda Lopez, District Judge, Presiding

Submitted September 17, 2024**

Before: WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

Jerome L. Grimes appeals pro se from the district court's judgment dismissing his action alleging deprivation of his personal property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a sua sponte dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014). We affirm.

The district court properly dismissed Grimes's action because Grimes failed to satisfy his burden of establishing subject matter jurisdiction. *See* 28 U.S.C. § 1331 (setting forth requirements for federal question jurisdiction); 28 U.S.C. § 1332(a) (setting forth requirements for diversity jurisdiction); *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997) (stating that the plaintiff has the burden of establishing subject matter jurisdiction); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**