**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2722
_____

VANCE STRADER; MARY STRADER,
Appellants

v.

AVIS BUDGET GROUP; ALLEGHENY COMMONS COMMUNITY PARTNERS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00661)
District Judge:  Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2025

Before:  KRAUSE, ROTH, and AMBRO, Circuit Judges

(Opinion filed: January 14, 2025)
_____

OPINION*
_____

PER CURIAM

The Straders appeal the District Court's orders dismissing their complaint and

denying their post-judgment motions.  We will affirm the District Court's judgment.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In May 2024, the Straders filed wrongful death and negligence claims against Avis Car Rental, Allegheny Commons' parent company and stockholders, the City of Pittsburgh, and other defendants. The Straders alleged diversity as the basis for the Court's subject matter jurisdiction, but the District Court dismissed the complaint for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). It reasoned that the Straders and the City of Pittsburgh were both Pennsylvania citizens, and that the citizenship allegations regarding the remaining defendants were insufficient. The Court's dismissal was without prejudice to the Straders' filing an amended complaint or proceeding in state court, explaining that they would not face such jurisdictional issues in state court. The Straders objected to the District Court's order and sought the District Court Judge's recusal or disqualification for alleged bias.

Then, the Straders filed an amended complaint, keeping as defendants only Avis Budget Group, Inc., and Allegheny Commons Community Partners LP. They alleged that Avis Budget Group, Inc. had a New Jersey address, and they attached a LinkedIn page suggesting that the company was in New Jersey. They also attached a document showing that Avis Budget Car Rental, LLC, controlled by Avis Budget Group, Inc., was registered in New Jersey. As for Allegheny Commons Community Partners LP, the Straders alleged that the entity was in Irvine, California, but was locally doing business in Pittsburgh. They attached a real estate tax assessment report for Pittsburgh property that

was owned by Allegheny Commons Community Partners LP. The "[o]wner [m]ailing" address was in California.

The District Court sustained its prior dismissal. It concluded that the Straders failed to inquire sufficiently into the limited partnership's citizenship by only searching a county real estate property tax database. The Court searched the Commonwealth's Department of State database and found that Allegheny Commons Community Partners LP was a domestic limited partnership formed in Pennsylvania. But it concluded that whether the partners were Pennsylvania citizens was "beside the point" because the Straders "completely failed their burdens." The Court's dismissal was without prejudice to the Straders' refiling in state court. The Court also denied the Straders' requests for recusal or judicial disqualification.

The Straders filed what the District Court construed as 1) a Civil Rule 60(b) motion and 2) a request for findings and conclusions under Civil Rule 52. The Court denied both requests. The Straders appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal for lack of subject matter jurisdiction. See McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006). We generally review post-judgment motions for relief or reconsideration for abuse of discretion. See Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013); Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

3

For diversity jurisdiction to exist, "no plaintiff may be a citizen of the same state as any defendant." GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 34 (3d Cir. 2018) (cleaned up); see also 28 U.S.C. § 1332(a). A corporation is a citizen in its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). "[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members." Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015) (quoting Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010)).

"The burden of establishing federal jurisdiction rests with the party asserting its existence." Lincoln, 800 F.3d at 105. A party asserting diversity jurisdiction may meet its burden to establish diverse citizenship between itself and an unincorporated association by affirmatively alleging that the unincorporated association's members are not citizens of the asserting party's state. See id. at 106-07; Lewis v. Rego Co., 757 F.2d 66, 69 (3d Cir. 1985). But before doing so, the "party must conduct a reasonable inquiry into the facts alleged in its pleadings." Lincoln, 800 F.3d at 108. The party "should consult the sources at its disposal, including court filings and other public records." Id.

The Straders' amended complaint merely showed that Allegheny Commons Community Partners LP had an address in Irvine, California. The Straders failed to allege that the entity had no partners in Pennsylvania. And the Straders did not reasonably inquire into the partnership's citizenship, as the District Court had instructed them to do in its first dismissal order. See Lincoln, 800 F.3d at 108. Furthermore, based

4

on the nature of the Straders' filings and their prior opportunity to cure the complaint's jurisdictional defects, it was not an abuse of discretion for the District Court to conclude that further amendment would be futile.  Cf. Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1086 (9th Cir. 2014).

Accordingly, we will affirm the District Court's judgment.[1]

---

[1] Nor did the Court abuse its discretion by denying the Straders' post-judgment motions. We also reject the Straders' suggestions that the District Court was biased or prejudiced. Our review of the record reveals no evidence of bias; unfavorable rulings, without more, are insufficient.  See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000); see also United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989) (stating that motions to recuse cannot rest on "possibilities" and "unsubstantiated allegations").  To the extent the Straders seek other relief on appeal, it is denied.