NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2440
_____

ASHANTI BUCKNER,
                        Appellant

v.

STUART BROWN; BROWN BUSINESS VENTURES LLC
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00955)
District Judge:  Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 14, 2024
Before:  KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Opinion filed: January 24, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ashanti Buckner appeals the District Court's order dismissing her complaint without prejudice for lack of subject matter jurisdiction. We will affirm in part, vacate in part, and remand for further proceedings.

Buckner filed a pro se complaint against defendants Stuart Brown and Brown Business Ventures LLC alleging defamation and breach-of-contract claims. Buckner relied on diversity of citizenship to support the Court's jurisdiction. The District Court screened the complaint under 28 U.S.C. § 1915(e)(2) and dismissed the case without prejudice for lack of subject matter jurisdiction because Buckner failed to establish diversity of citizenship amongst the parties. The Court noted that Buckner could bring the case in Pennsylvania state court. Buckner appealed, and we have jurisdiction under 28 U.S.C. § 1291. See G.W. v. Ringwood Bd. of Educ., 28 F.4th 465, 468 (3d Cir. 2022).

We exercise plenary review over the District Court's dismissal. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "The burden of establishing federal jurisdiction rests with the party asserting its existence." Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015). For diversity jurisdiction to exist, "no plaintiff may be a citizen of the same state as any defendant." GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 34 (3d Cir. 2018) (cleaned up); see also 28 U.S.C. § 1332(a). A corporation is a citizen in its state of incorporation and the state in which it has its principal place of

2

business. 28 U.S.C. § 1332(c)(1). The citizenship of a limited liability company is determined by the citizenship of its members. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). But rather than affirmatively alleging each member's citizenship, the plaintiff suing a limited liability company may allege that none of the members are citizens of the plaintiff's state of citizenship. Lincoln Benefit Life Co., 800 F.3d at 107-08.

In her complaint, Buckner pleaded that she is a citizen of Pennsylvania and defendant Brown is a citizen of Georgia. She also pleaded that Brown Business Ventures is incorporated under Pennsylvania state law and has its principal place of business in Georgia. If Brown Business Ventures is a corporation, Buckner failed to establish diverse citizenship because Buckner and Brown Business Ventures are both Pennsylvania citizens. See 28 U.S.C. § 1332(a), (c). If, as the District Court surmised, Brown Business Ventures is a limited liability company, Buckner failed to establish diverse citizenship because she did not allege that the company's members are not Pennsylvania citizens. See Lincoln Benefit Life Co., 800 F.3d at 107-08. Thus, the District Court properly determined that it lacked subject matter jurisdiction over the case.

However, the District Court dismissed Buckner's complaint without providing leave to amend. We have held that courts should dismiss inadequate complaints without leave to amend only if the amendment would be futile or inequitable. See Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002). This remains true when the

3

complaint has a jurisdictional defect. See, e.g., Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1086 (9th Cir. 2014); Frey v. EPA, 270 F.3d 1129, 1132 (7th Cir. 2001); see also GBForefront, L.P., 888 F.3d at 36; Neiderhiser v. Borough of Berwick, 840 F.2d 213, 216 n.6 (3d Cir. 1988).

Here, we cannot say that it would have been futile for Buckner to amend her allegations concerning diversity. Buckner's pro se complaint form did not show how to plead the citizenship of a limited liability company; it only showed how to plead the citizenship of an individual and a corporation. If Brown Business Ventures is an LLC, the fact that Buckner pleaded it as a corporation is a technical defect that could be cured by amendment. On appeal, Buckner asserts that the Appellees are neither Pennsylvania residents nor organized under Pennsylvania state law, and that they are Georgia citizens. And if, as Buckner now says on appeal, Brown Business Ventures is not a Pennsylvania citizen, the parties might be sufficiently diverse.[1]

Accordingly, we will affirm in part, vacate in part, and remand for further proceedings.

---

[1] We express no opinion concerning whether the parties are diverse or whether Buckner sufficiently pleaded the amount-in-controversy requirement.

4