NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VIVEK SHAH, | No. 23-55799 |
| Plaintiff-Appellant, | D.C. No. 2:23-cv-03914-GW-AGR |
| v. | |
| BLUEGROUND US, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted January 22, 2025**

Before:     CLIFTON, CALLAHAN, and BENNETT, Circuit Judges.

Vivek Shah appeals pro se from the district court's order dismissing his

diversity action alleging discrimination under state law on the basis of his criminal

record.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a sua

sponte dismissal for lack of subject matter jurisdiction.  *Carolina Cas. Ins. Co. v.*

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014).  We affirm.

The district court properly dismissed Shah's action because Shah failed to satisfy his burden of establishing diversity jurisdiction.  *See* 28 U.S.C. § 1332(a) (setting forth requirements for establishing diversity jurisdiction); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) (defining "domicile" for purposes of diversity of citizenship and explaining that a plaintiff's failure to establish a state of citizenship is fatal to an assertion of diversity jurisdiction).

**AFFIRMED.**