**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH ALTER,

       Plaintiff - Appellant,

 v.

NEIL GORSUCH; JOHN G.
ROBERTS; CLARENCE
THOMAS; BRETT KAVANAUGH; AMY
CONEY BARRETT; SAMUEL ALITO,

       Defendants - Appellees.

No. 24-4113

D.C. No. 2:24-cv-01803-FLA-RAO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted January 22, 2026[**]

Before:    WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

Joseph Alter appeals pro se from the district court's judgment dismissing his

action alleging federal claims and imposing a pre-filing restriction on him as a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

vexatious litigant. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a sua sponte dismissal for lack of subject matter jurisdiction, *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014), and for an abuse of discretion a prefiling order, *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). We affirm in part, vacate in part, and remand.

The district court properly dismissed Alter's action for lack of subject matter jurisdiction because Alter's claims present a nonjusticiable political question. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980-81 (9th Cir. 2007) (stating that federal courts have no jurisdiction to hear a case presenting a political question); *see also Nixon v. United States*, 506 U.S. 224, 235 (1993) (holding that Article III judges may be removed only by impeachment); *N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 59 n.10 (1982) (noting that Article III "insulates the individual judge from improper influences not only by other branches but by colleagues as well").

The district court provided Alter notice and an opportunity to be heard as to why he should not be declared a vexatious litigant, compiled an adequate record for review, and made substantive findings of frivolousness and harassment. However, the district court's pre-filing order is not narrowly tailored to Alter's abuses because it imposes pre-filing restrictions on any filings by Alter without regard to the subject matter or types of claims. *See Ringgold-Lockhart,* 761 F.3d at

1061-67 (discussing procedural and substantive standards for a federal pre-filing order based on a vexatious litigant determination, including that the order be "narrowly tailored to the vexatious litigant's wrongful behavior" (citation and internal quotation marks omitted)). We vacate the portion of the district court's order imposing pre-filing restrictions and remand for the district court to enter a narrowly tailored order.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED in part, VACATED in part, and REMANDED.**