**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 19 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MOCIENNE ELIZABETH PETIT
JACKSON,

          Plaintiff - Appellant,

  v.

STAAT DER NEDERLANDEN,
Lawyer; PELS RIJCKEN, Lawyer; STAAT
DER BELGIUM,

          Defendants - Appellees.

No. 24-6631

D.C. No. 2:24-cv-05291-SPG-PD

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Submitted March 16, 2026[**]

Before:     SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Mocienne Elizabeth Petit Jackson appeals pro se from the district court's

judgment dismissing for lack of subject matter jurisdiction her action against the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Netherlands, Belgium, and a law firm. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's sua sponte dismissal for lack of subject matter jurisdiction. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014). We affirm.

The district court properly dismissed Petit Jackson's action for lack of subject matter jurisdiction because Petit Jackson failed to allege a federal question, establish the requirements for diversity jurisdiction, or establish an exception to sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA"). *See* 28 U.S.C. §§ 1331 (setting forth requirements for federal question jurisdiction), 1332(a) (setting forth requirements for diversity jurisdiction); *Broidy Cap. Mgmt., LLC v. State of Qatar*, 982 F.3d 582, 589-94 (9th Cir. 2020) (explaining that "[t]he FSIA is the sole basis for obtaining jurisdiction over a foreign state in a civil action," and explaining the requirements for obtaining FSIA jurisdiction (citation and internal quotation marks omitted)).

All pending motions are denied. The clerk will maintain all provisionally sealed documents under seal.

**AFFIRMED.**