**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAE S. NAH,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>ANDREW V. JABLON; MYCHAEL E.<br>BYERTS; RESCH POLSTER & BERGER,<br>LLP; GENNADY LEBEDEV; ETHAN<br>MICHAEL; SAM HELMI; LM&H LAW<br>FIRM; BRIAN HUH, President CEO of<br>Royal Printex Inc. and Royal Textile print<br>Inc.; ROYAL TEXTILE PRINT<br>INC.; ROYAL PRINTEX INC.; ANDREW<br>KIM,<br><br>        Defendants - Appellees. | No. 23-4003<br><br>D.C. No. 2:23-cv-06909-RGK-RAO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted April 22, 2025[**]

Before:    GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jae S. Nah appeals pro se from the district court's judgment dismissing his independent action to set aside prior judgments for fraud on the court under Federal Rule of Civil Procedure 60. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1). *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014). We may affirm on any ground supported by the record. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008). We affirm.

Dismissal of Nah's action was proper because Nah failed to allege facts sufficient to show conduct that amounted to fraud on the court. *See United States v. Beggerly*, 524 U.S. 38, 47 (1998) (concluding that "an independent action should be available only to prevent a grave miscarriage of justice"); *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167-68 (9th Cir. 2017) ("In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of the judicial process." (citation and internal quotation marks omitted)); *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) (setting forth standard of review for an independent action to set aside a prior judgment).

We do not consider the district court's entry of a pre-filing review order against Nah because Nah did not address the district court's order in his opening

brief.  *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief.").

We do not consider other matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**